[Criminal No. 255. Filed March 27, 1908.]

[94 Pac. 1097.]

## MARCOS PEREZ et al., Defendants and Appellants, v. TERRITORY OF ARIZONA, Respondent.

1. CRIMINAL LAW—TRIAL—MISCONDUCT OF PROSECUTING ATTORNEY.— Defendants in a prosecution for assault with intent to commit rape had not elected to testify in their own behalf, and had not put their character in issue. In his opening address to the jury, the assistant district attorney said: "I want to call your attention to the faces and countenances of these defendants. Crime is stamped on their faces and countenances. Their faces and countenances indicate that they are just the kind of people that commit crime. Their hard criminal faces and countenances are conclusive evidence of their guilt, and the only evidence of their guilt you need to convict them. Now, I want you to look at that face [pointing at defendant Perez] and see if it is not the kind of face that would commit a crime like this." To the defendant's objection to the above remarks the court replied: "I will leave the matter for you

to reply to in your argument. The district attorney is within his rights." Whereupon the defendant moved to instruct the jury to disregard said statements, which motion was denied, and immediately thereafter the district attorney further said to the jury: "I want you, gentlemen of the jury, to be the judges of whether their faces and countenances are not criminal as I have stated. I will leave it to your judgment." *Held,* that said remarks of the district attorney, given almost the effect of an instruction by the remarks of the court, were prejudicial to the defendants, and the denial by the court of the motion to have the same withdrawn from the jury constituted reversible error.

APPEAL from a judgment of the District Court of the Fifth Judicial District, in and for the County of Graham. Frederick S. Nave, Judge. Reversed and remanded.

The facts are stated in the opinion.

W. C. McFarland, and J. M. McCullom, for Appellants.

The bitter denunciation of the defendants by the assistant district attorney was in effect an assault on the character of the defendants, and made an issue by the abuse and vituperation of said attorney, when defendants had not tendered such an issue by offering evidence of their good character. *State* v. *Kennedy,* 177 Mo. 98, 75 S. W. 979; *State* v. *Lapage,* 57. N. H. 245, 24 Am. Rep. 69; *People* v. *Sharp,* 107 N. Y. 427, 1 Am. St. Rep. 851, 14 N. E. 319; *Fletcher* v. *State,* 49 Ind. 124, 19 Am. Rep. 673; *State* v. *Kirkpatrick,* 63 Iowa, 554, 19 N. W. 660; *Gutzman* v. *Clancy,* 114 Wis. 589, 90 N. W. 1081. The language violates the rule of immunity of defendant in cases where he does not offer himself as a witness. Neither of the defendants offered themselves as witnesses in this case. Rev. Stats. 1901, Pen. Code, par. 1112. The rule is firmly established by the decided weight of authority that if counsel for a party grossly abuses his privilege to the manifest injury of the adverse party, and the court fails to interpose and admonish the offending attorney, and instruct the jury in regard thereto, upon request of counsel for losing party, a new trial should be granted. *Heller* v. *People,* 22 Colo. 11, 43 Pac. 124. That counsel for the territory abused his privilege to the manifest injury of defendants is sustained and supported by practically all the decisions of courts of last resort, both state and federal, as the following citations will abundantly

show: *Bessette* v. *State,* 101 Ind. 85; *State* v. *Bokien,* 14
Wash. 403, 44 Pac. 889; *Hall* v. *United States,* 150 U. S. 76,
14 Sup. Ct. 22, 37 L. Ed. 1003; *Wilson* v. *United States,*
149 U. S. 60, 13 Sup. Ct. 765, 37 L. Ed. 650; *State* v. *Ken-
nedy,* 177 Mo. 98, 75 S. W. 979-984; *Wilson* v. *Common-
wealth,* 21 Ky. Law Rep. 1333, 54 S. W. 946; *Rhodes* v.
*Commonwealth,* 21 Ky. Law Rep. 1076, 54 S. W. 184; *Ben-
nett* v. *State,* 86 Ga. 401, 22 Am. St. Rep. 465, 12 S. E.
806, 12 L. R. A. 449; *State* v. *Galespie,* 104 Mo. App. 400,
79 S. W. 477; *Marshall* v. *State,* 71 Ark. 415, 75 S. W. 584;
*State* v. *Lockhart,* 188 Mo. 427, 47 S. W. 459; *Holder* v.
*State,* 58 Ark. 473, 25 S. W. 279; *State* v. *Prendible,* 165
Mo. 329, 65 S. W. 559, 569; *Ivey* v. *State,* 113 Ga. 1062,
39 S. E. 423, 54 L. R. A. 959; *Patterson* v. *State* (Tex. Cr.),
60 S. W. 557; *Turner* v. *State,* 39 Tex. Cr. 322, 45 S. W.
1020; *German-American Ins. Co.* v. *Harper,* 70 Ark. 305, 67
S. W. 755; *State* v. *Bobbst,* 131 Mo. 328, 32 S. W. 1149;
*State* v. *Fisher,* 124 Mo. 460, 27 S. W. 1109; *State* v. *Baker,*
57 Kan. 541, 46 Pac. 947; *Smith* v. *People,* 8 Colo. 457,
8 Pac. 920; *Heller* v. *People,* 22 Colo. 11, 43 Pac. 124;
*State* v. *Ulrich,* 110 Mo. 350, 19 S. W. 656; *State* v. *Proctor,*
86 Iowa, 698, 53 N. W. 424; *State* v. *Helm,* 92 Iowa, 540,
61 N. W. 246; *People* v. *Fowler,* 104 Mich. 449, 62 N. W.
572; *People* v. *Abell,* 113 Mich. 80, 71 N. W. 509; *Bryson*
v. *State,* 20 Tex. Cr. App. 566; *Bradburn* v. *United States,*
3 Ind. Ter. 604, 64 S. W. 556; *S. L. & S. F. Ry. Co.* v. *Farr,*
56 Fed. 994, 6 C. C. A. 211. Some courts hold that the rule
in cases where the errors complained of are misconduct of
the prosecuting officers and abuse of discretion by the trial
court, the law presumes error. *State* v. *Bokien,* 14 Wash.
403, 44 Pac. 889-893; *Nelson* v. *Welch,* 115 Ind. 270, 16 N. E.
634, 17 N. E. 569; *Troyer* v. *State,* 115 Ind. 331, 17 N. E.
569.

E. S. Clark, Attorney General, and George H Crosby,
Assistant District Attorney, for Respondent.

Appellants must show that they were injured by the court's
exercise of its discretion in permitting the remarks. In this
case there was no injury, as the evidence was very strong and
uncontradicted. 2 Ency. of Pl. & Pr. 730; *State* v. *Ean,* 90
Iowa, 534, 58 N. W. 898; *State* v. *Gibbs,* 10 Mont. 212, 25
Pac. 289. Such remarks are erroneous only in closing argu-

ment, and here they occurred in opening argument and were not persisted in by the prosecutor. *State* v. *Baker*, 57 Kan. 541, 46 Pac. 947; *Huckell* v. *McCoy*, 38 Kan. 53, 15 Pac. 870; *Smith* v. *People*, 8 Colo. 457, 8 Pac. 920; *Heller* v. *People*, 22 Colo. 11, 43 Pac. 124; *Wilson* v. *United States*, 149 U. S. 60, 13 Sup. Ct. 765, 37 L. Ed. 650; *State* v. *Bokien*, 14 Wash. 403, 44 Pac. 889. The evidence showing a high-handed outlawry, and the evidence justifying it, the attorney could indulge in invective—and it is not discountenanced by courts. 2 Ency. of Pl. & Pr. 747; *Chacon* v. *Territory*, 7 N. M. 241, 34 Pac. 448; *Burton* v. *O'Neill*, 6 Tex. Cr. App. 613, 25 S. W. 1013. The use of abusive language is a matter of discretion with the trial court, who knows relative standing of counsel, nature of effect produced, standing of jury and probability of its affecting verdict. 2 Ency. of Pl. & Pr. 758; *Chacon* v. *Territory*, 7 N. M. 241, 34 Pac. 448.

DOAN, J.—Marcos Perez and Eusabio Arbeso were indicted on the twenty-ninth day of October, 1907, for assault with intent to commit the crime of rape upon one Jesus Delgado. Upon a plea of "not guilty" they were tried jointly to a jury in the district court of Graham county, and on a verdict of guilty they were sentenced to imprisonment in the territorial prison. From the judgment of conviction and the order denying the motion for a new trial, the defendants appeal.

It is claimed by the appellants that the court erred in overruling defendants' objections to abusive language of the assistant district attorney in his opening address to the jury, and that the court further erred in denying defendants' motion to direct the jury to disregard the abusive language of the said assistant district attorney when it was objected to by the counsel for the defendants. In his opening address to the jury the assistant district attorney said: "I want to call your attention to the faces and countenances of these defendants. Crime is stamped on their faces and countenances. Their faces and countenances indicate that they are just the kind of people that commit crime. Their hard criminal faces and countenances are conclusive evidence of their guilt, and the only evidence of their guilt you need to convict them. Now, I want you to look at that face [pointing at defendant Perez] and see if it is not the kind of a face that would commit a crime like this." To the defendants' objec-

tion to the above remarks the court replied: "I will leave the matter for you to reply to in your argument. The district attorney is within his rights." Whereupon counsel for the defendants moved the court "to direct the jury to disregard the above-quoted part of said address, for the reason that said part of said address was based on matters and things outside the record, and not justified by any evidence in the case, and because said part of said address tended to prejudice the minds of the jury against the defendants, and to their manifest injury," which motion was denied; and immediately thereafter the assistant district attorney, further addressing the jury, said: "I want you, gentlemen of the jury, to be the judges of whether their faces and countenances are not criminal as I have stated. I will leave it to your judgment."

It is argued by the counsel for the appellants: First. That the language of the assistant district attorney was an assault on the character of the defendants, and that this assault made an issue before the jury of said character, when the defendants had not tendered any such issue by offering any evidence in support of their good character. Second. That this language violates the rule of immunity, to which the defendant is entitled in a case where he does not offer himself as a witness, the record showing that neither of the defendants had offered himself as a witness in the case. Third. That the law requires all witnesses to be sworn before testifying in a case, and that the presumption of innocence with which a defendant is clothed entitles him to an acquittal, unless such presumption is overcome, and his guilt established by competent evidence; that the language of the assistant district attorney was not based on any evidence in the case, or any fair deduction from any evidence in the case, but his affirmative assertion of facts was testimony, and it was offered by him before the jury, not under the sanctity of an oath, nor under the pains and penalties of perjury, and therefore was not competent evidence; and that its admission before the jury constitutes reversible error. Fourth. That this testimony offered in this manner by the assistant district attorney deprives the defendants of three valuable legal rights secured to them by our Criminal Code: First, the right to have all witnesses testify under the sanctity and the penal obligations of an oath; second, the right of cross-examination; third, the right to rebut their testimony. These arguments of the ap-

pellants appear to be well founded. The statement of the assistant district attorney to the jury, "Crime is stamped on their faces and countenances," was an affirmative statement of a fact. "Their faces and countenances indicate that they are just the kind of people that commit crime" is another statement of a fact. "Their hard criminal faces and countenances are conclusive evidence of their guilt" constitutes another statement of a fact, and has no proper place in the trial of a criminal case, except in the testimony of a witness, who has been sworn and testifies under oath, with an opportunity to the opposite party for cross-examination and rebuttal. The further statement, "and the only evidence of their guilt you need to convict them," is a statement relative to the weight of evidence that is liable to be very prejudicial to a defendant, and the ruling of the court that "the district attorney is within his rights" gives the language almost the force of an instruction from the court. If the defendants had offered themselves as witnesses in the case, had been sworn, and had taken the stand and testified, they might perhaps have been held to have placed their faces and countenances in evidence, but even that defense is not accorded the prosecuting officer in this case, because the defendants had neither of them been offered in evidence. It is true our Criminal Code requires the presence of a defendant at the trial of a case, but there is no rule of court that requires him to either sit facing the jury, or to put in evidence his countenance or ᵛfacial appearance. If the court-room was so arranged that he could preserve a respectful attitude to the court with his back to the jury, it would be perfectly possible to try a case without the jury seeing his face at all.

It frequently occurs that in the heat of argument counsel will overstep the bounds of propriety, and use language intemperate or abusive, and the verdict of the jury will be nevertheless undisturbed, because it is made to appear that by the prompt rebuke of the court and the retraction of the language by the offender the effect of the language has been neutralized, or the matter has been so fairly placed before the jury by the withdrawal of the offensive language that no prejudice would be apparent to the defendant from the occurrence; but, where such prejudicial statements meet with the approval of the court, they have been considered sufficient to reverse the verdict and judgment. In *State* v. *Ken-*

*nedy,* 177 Mo. 98, 75 S. W. 979, the supreme court of Missouri has said: ''Citations are hardly necessary to support this fundamental rule. The statements, made as they were with the approval of the court, could but have led the jury to believe they were true, and just as prejudicial as if they had been proven, and could but have, from the very inception of the trial, impressed the jury with the idea that the defendant was for years prior to the time she formed the acquaintance of deceased of bad reputation as to chastity. This objection is sufficient to reverse this case.'' In *Bessette* v. *State,* 101 Ind. 85, the district attorney, in addressing the jury, said: ''Luke Bessette has a bad-looking face. I ask you to look at his face. You have the right to look at it, and, as prosecuting attorney, I have the right to comment on it. If his face does not show a bad man, then I am no judge of human countenances.'' For this misconduct the court on appeal directed a new trial, and in commenting on the subject said: ''This conduct is clearly reprehensible and inexcusable, and merited the rebuke of the court, for he, in effect, argued to the jury that the defendant was a bad man and presumably guilty, because he had a bad face.'' In *State* v. *Bokien,* 14 Wash. 403, 44 Pac. 889, the supreme court of Washington, in reversing a case similar to this, said: ''When the prosecutor went so far outside of the circle of fair debate as to attempt to degrade and humiliate the defendant by arraigning him for his personal appearance and characteristics while he was, by compulsion of the court, at its bar, it was the duty of the court to interfere for his protection.'' In *Hall* v. *United States,* 150 U. S. 76, 14 Sup. Ct. 22, 37 L. Ed. 1003, the United States supreme court, in commenting on the action and language of the prosecuting attorney, said: ''The attempt of the prosecuting officer of the United States to induce the jury to assume, without any evidence thereof, the defendant's guilt of a crime . . . was a breach of professional and official duty which, upon the defendant's protest, should have been rebuked by the court, and the jury instructed to allow it no weight. The presiding judge, by declining to interfere, notwithstanding the defendant's protest against this course of argument, gave the jury to understand that they might properly and lawfully be influenced by it, and thereby committed a grave error, manifestly tending to prejudice the defendant with the jury, and which, therefore, was a proper subject for exception, and,

having been duly excepted to, entitled him to a new trial''—citing *Wilson* v. *United States,* 149 U. S. 60, 13 Sup. Ct. 765, 37 L. Ed. 650. To the same effect is *State* v. *Blodgett,* 50 Or. 329, 92 Pac. 820, in which it is held by the supreme court of Oregon that ''it is error sufficient to reverse a judgment for the court to suffer counsel, against objection, to state facts pertinent to the issue not in evidence, or to comment upon facts calculated to prejudice, which have no bearing whatever upon the issues, and evidence of which would have been ruled out.''

We think the language of the assistant district attorney complained of herein tended to the prejudice of the defendants, and the denial by the court of the motion to have the same withdrawn from the jury constituted reversible error.

The judgment of the lower court is therefore reversed, and the case remanded for a new trial.

KENT, C. J., and SLOAN and CAMPBELL, JJ., concur.