(96 South. 899)

**BESTOR v. STATE. (2 Div. 805.)**

(Supreme Court of Alabama. May 3, 1923. Rehearing Denied June 28, 1923.)

**1. Criminal law ⬅=721(1)—Comment of state's counsel as to defendant's appearance erroneous where defendant not a witness, nor his identity in issue.**

In view of Code 1907, § 7894, which provides that failure of accused to become a witness shall not create a presumption against him, where he does not become a witness or his identity is not in issue, it is improper and erroneous for state's counsel to comment in argument on his appearance.

**2. Criminal law ⬅=722(2)—Requirement of accused's presence at trial does not authorize comment as to his appearance.**

Const. 1901, § 6, providing that accused shall be present at trial, does not, itself, authorize comment of counsel as to his appearance.

**3. Criminal law ⬅=730(12)—Argument of deputy solicitor as to accused's appearance, in absence of motion to withdraw case from jury or for new trial, not ground for reversal.**

Where undisputed evidence showed accused to be guilty of an unpalliated murder, deputy solicitor's comments in argument as to her bearing the earmarks of a demon, to which the court sustained objections and withdrew from the jury, in absence of motion to withdraw case from jury or motion for new trial, did not present grounds for reversal.

Appeal from Circuit Court, Bibb County; S. F. Hobbs, Judge.

Nellie Bestor was convicted of murder in the first degree, and appeals. Affirmed.

Jerome T. Fuller and Frank Head, both of Centerville, for appellant.

The remarks of the deputy solicitor in argument to the jury constituted error to reverse. Const. Ala. 1901, § 6; Code 1907, § 7894; Wade v. State, 18 Ala. App. 322, 92 South. 97; Wolffe v. Minnis, 74 Ala. 386; Baker v. State, 122 Ala. 1, 26 South. 194; Childress v. State, 86 Ala. 86, 5 South. 775.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

McCLELLAN, J. The appellant is sentenced to death for the murder of her husband, Smith Bestor. The victim was killed with an axe, in the dwelling of himself and the appellant, his body dissevered and mutilated and partially burned in an effort to destroy the evidence of the crime. The body was found submerged in a branch near the house where he was killed. The evidence is undisputed that the appellant made voluntary confession of her guilt, and also of her efforts to remove or conceal evidence of the crime.

It is important to note that no motion for new trial was made.

The only question requiring consideration on this review is the remarks of the deputy solicitor in his closing argument to the jury. Before reproducing the recitals of the bill of exceptions, it should be noted that the defendant was not called to testify. The bill of exceptions recites:

"The deputy solicitor in the course of his argument to the jury made this remark: 'Look at the defendant, gentlemen. Doesn't she bear all the earmarks of a demon?' Counsel for defendant objected to that part of the argument. The court sustained the objection and instructed the jury that the remark in question was improper and should not be considered by them. Again the deputy solicitor remarked: 'Gentlemen, there she is. They don't want you to see her.' Counsel for defendant again objected. The court sustained the objection, and charged the jury not to consider the re-

mark, as it was excluded from them. Again the deputy solicitor said: 'I don't blame them. I would not want people to see her either.' Again counsel for defendant objected, and the court sustained the objection and charged the jury that the remark was excluded from them and that they should not consider it, and warned the deputy solicitor not to have anything further to say about the defendant or her personal appearance."

[1] Where the defendant in a criminal prosecution does not elect to become a witness, or the identity of the accused is not in issue, it is highly improper and erroneous for the state's counsel to comment in argument upon the appearance of the defendant. 16 C. J. p. 908; Perez v. Territory, 12 Ariz. 16, 94 Pac. 1097: Huber v. State, 57 Ind. 341, 26 Am. Rep. 57 (approvingly cited on a related question in Clarke's Case, 87 Ala. 74, 6 South. 368); State v. Davis (Mo. Sup.) 190 S. W. 297; Bessette v. State, 101 Ind. 85; State v. Waterbury, 133 Iowa, 135, 110 N. W. 328, 330—treating the exception where the identity of the accused is in issue.

Code, § 7894, provides that the failure of an accused to become a witness shall not create "any presumption against him" and forbids comment of counsel on his failure to testify. In State v. Davis, supra, it was well observed:

"By express statutes state's counsel is precluded from making reference to any failure on the part of any defendant to testify, and to this extent he is clothed with privileges and protection even greater than that of the ordinary witness. If such be the policy of the law, his actions, physical expressions, etc., during his forced presence in the courtroom and at times other than when testifying, should not be commented upon. Such matters are outside of the record and such argument smacks too much of an appeal to prejudice, and whether made for such purpose or not is clearly calculated to engender it."

[2] The Constitution's mandate (section 6) that an accused shall be present upon his trial does not, itself, purport to authorize the comment of counsel upon the appearance of the accused. Perez v. Territory, 12 Ariz. 16, 94 Pac. 1097, 1098.

[3] While it was the jury's function to determine the degree of the homicide, as well as the guilt of the accused, yet the undisputed evidence left in no doubt whatever that the accused was guilty of an unpalliated murder, accomplished in a fiendish manner and followed by cunning effort to conceal or destroy the evidence of the crime. The only matter really open to the jury's judgment was the measure of the punishment. As appears from the quoted recitals of the bill of exceptions, the court sustained objections to the statements of the deputy solicitor and affirmatively instructed the jury not to consider such statements. The court therefore ruled throughout in appellant's favor, con-

demned and excluded the wholly unjustified statements of the deputy solicitor, and warned him against further offense. The court was not moved to withdraw the case from the jury after the offending statements were made, nor was motion for new trial made. Had motion for new trial been made, a serious question of error, not now presented, would have been presented to this court's consideration.

The judgment is not affected with reversible error.

It is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE, GARDNER, and MILLER, JJ., concur.

SAYRE and THOMAS, JJ., not sitting.