58 So.2d 483

## HALL v. STATE.

### 4 Div. 208.

Court of Appeals of Alabama.

April 15, 1952.

J. N. Mullins, Dothan, for appellant.

Si Garrett, Atty. Gen. and Thos. F. Parker, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

Jim Henry Turner and Walter Hall were jointly indicted on a charge of burglary. A severance was ordered and Hall was tried. The trial resulted in his conviction as charged.

Without dispute in the evidence, the warehouse building of Hayes and Adams Peanut Company was broken into and a large quantity of sacked peanuts was taken therefrom.

The next morning after the burglary the night before, the officers found one of the sacks of peanuts in the back yard of Fannie Mae Turner and another sack some distance away in a field.

Fannie Mae testified that the appellant talked to her prior to the arrival of the officers and subsequent to the time of the burglary. She stated that the accused expressed knowledge of the location of the two sacks of peanuts and cautioned her to say nothing about it.

While the officers were proceeding with their investigation during the day, the appellant left the community and was later arrested in Florida.

There was additional evidence which was circumstantial in character, but which had a strong and convincing tendency to connect the defendant with active partici-

pation in the commission of the charged crime.

There were no objections interposed during the introduction of the evidence.

The sufficiency of the evidence to sustain the judgment below is raised by the request for the affirmative charge and a motion for a new trial.

The scant delineation of the established facts set out above will serve to illustrate our view that there is no merit in either of these presented questions.

The judgment below is ordered affirmed.

Affirmed.