64 So.2d 102

**NOLIN v. STATE.**

**6 Div. 646.**

Court of Appeals of Alabama.

Feb. 3, 1953.

Rehearing Denied Feb. 17, 1953.

Johnson & Randall, Oneonta, for appellant.

Si Garrett, Atty. Gen., and Gordon Madison, Asst. Atty. Gen., for the State.

48

HARWOOD, Judge.

This appellant has been convicted under an indictment charging that he did "with the purpose to hinder, delay, or defraud the Anniston Production Credit Association, a corporation, who had a lawful and valid claim thereto, under a written instrument, lien created by law for rent or advances, or other lawful and valid claim, verbal or written, did sell or remove personal property, consisting of one Gibson tractor, of the value of eight hundred dollars, the said O. C. Nolin having at the time a knowledge of the existence of such claim."

This offense is denounced by Section 363, Title 14, Code of Alabama 1940.

■ As stated in Wiley v. State, 16 Ala. App. 93, 75 So. 641:

"In order to sustain a conviction for this offense, the state must prove by evidence beyond a reasonable doubt: First, that there was a sale of personal property; second, that the defendant had given a written mortgage lien or deed of trust on the property so sold; third, *that at the time of the sale such mortgage lien or deed of trust was unsatisfied, in whole or in part;* fourth, that such sale was made without first having obtained the consent of the lawful holder of the mortgage lien, or deed of trust. These things must be established by legal testimony." (Italics ours.)

The rule announced above has also been stated in Cox v. State, 25 Ala.App. 38, 140 So. 617.

■ We have read this record with considerable care, and have failed to find any evidence from which the jury could have inferred that the mortgage given by this appellant to the Anniston Production Credit Association, a corporation, was unsatisfied in whole or in part at the time of the alleged removal of the tractor covered by the mortgage, unless such fact could have been inferred by the jury's resorting to surmise, speculation, and guesswork. Verdicts in criminal cases cannot rest upon such basis. See 6 Ala.Dig., Crim. Law, ☞560.

The State having failed to establish one of the elements necessary to round out the corpus delicti of the offense charged, the appellant was entitled to have given his requested written charge affirmative in nature, and was likewise entitled to have been granted his motion for a new trial on the ground that the evidence was insufficient to support the verdict rendered. Because of the rulings in these instances adverse to appellant this cause must be reversed.

Several other points are argued in brief of appellant's counsel. We doubt the probability of their arising in a new trial. We therefore pretermit their consideration.

Reversed and remanded.