148 So.2d 651

**Vaughn SPEAKMAN**

**v.**

**STATE.**

**8 Div. 851.**

Court of Appeals of Alabama.

Jan. 8, 1963.

Russell & Straub and Ralph Slate, Decatur, for appellant.

MacDonald Gallion, Atty. Gen., and Ed Brogden, Sp. Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

From a judgment of conviction for the offense of burglary, this appeal was taken.

■ The state's evidence tended to show that on the night of May 19, 1961, a service station in Decatur, Alabama, was burglarized and nine automobile tires and tubes were stolen. Six of the tires were Goodyear and the rest were Kelleys. The tubes were O. K. Rubber Welder.

Mr. Charles Thornton, the station manager, testified two Goodyear tires, which in his best judgment were those stolen, were brought to the station next day by a police lieutenant.

Lieutenant Bowman, an investigator for the City of Decatur, testified he found two Goodyear tires in the possession of one Bobby Scott, and found two more tires and tubes in a coal house on the defendant's premises. The tires were Goodyear and Kelley 670–15 and appeared to be new. The defendant was not at home when he found the tires and he made several trips to defendant's home but could not find him. The tires taken by him from the coal house and Scott's automobile were the same tires he took to the service station. He showed the tires that were in Scott's car to the witness Charles Thornton, and the station owner, John Thornton saw the second two tires and tubes.

Bobby Scott testified he lived in Austinville, near Decatur, and was employed by the Clark Fisheries; that he knew defendant and saw him on May 20, 1961; when defendant came to the fish hatchery. He testified he bought two tires from defendant, going to his house to pick them up. That same day he turned them over to Lieutenant Bowman and following that he saw the defendant and asked him about the tires. The defendant seemed surprised at his questions and he never said whether or not the tires were stolen.

The Sheriff, Knox McRae, was the only witness called to testify by the defendant. He stated that the defendant voluntarily surrendered himself at the jail on January 8, 1962. On cross-examination the sheriff testified the warrant for defendant's arrest was issued on June 28, 1961; that they searched for him but failed to find him.

The undisputed evidence presented questions for the jury's determination, and was sufficient to sustain the judgment. Hall v. State, 36 Ala.App. 462, 58 So.2d 483; Carter v. State, 35 Ala.App. 530, 50 So.2d 4. The general affirmative charge was refused without error.

■ The solicitor, during his closing argument to the jury, made this statement:

"If we had the truth, a revelation of where those tires in the coal house came from, the case would be over, if Ralph Slate would give it to us."

Defense Counsel objected and moved to exclude the statement. The Court said:

"I'll certainly sustain the objection to the portion with reference or concerning Mr. Slate. I'll strike that from your consideration, and you are not to consider any statement about what the attorney would give you or wouldn't give you in this case."

The Solicitor stated:

"I'll withdraw that. Mr. Slate is a man of honor."

The appellant insists the statement of the solicitor was a comment on the failure of the defendant to testify, requiring a reversal of the cause.

**664**

In Davis v. State, 259 Ala. 212, 66 So.2d 714, the court said:

"We have a status here where the objection was sustained and the jury was duly admonished with respect to it. The cases hold that such a status, prima facie, shows an absence of reversible error. Many of those cases are cited in Broadway v. State, supra, (257 Ala. 414, 60 So.2d 701), to which we add Bestor v. State, 209 Ala. 693, 96 So. 899. In the Bestor case it was emphasized that no motion for a new trial was made on that ground, but had it been done a serious question of error would have been presented. We also add Bachelor v. State, 216 Ala. 356, 113 So. 67; Stephens v. State, 250 Ala. 123(3), 33 So.2d 245."

In this case no motion for a new trial was filed. In view of the sustaining of the objection and the exclusion of the statement from the jury's consideration no reversible error is shown in the record.

The judgment of the trial court is affirmed.

Affirmed.

JOHNSON, J., not sitting.