185 So.2d 412

**Troyt TAYLOR**

v.

**STATE.**

**8 Div. 908.**

Court of Appeals of Alabama.

Aug. 17, 1965.

Rehearing Denied Sept. 14, 1965.

Affirmed on Mandate April 5, 1966.

H. Neil Taylor, Russellville, for appellant.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

On September 10, 1964, Taylor submitted an appeal from a judgment of guilt on a charge that he sold or removed property with the purpose of hindering, etc., The First National Bank of Russellville. The true bill alleged that the bank had a lawful and valid claim to some thirty Holstein and Jersey heifers worth $4,500.00.

The trial judge, after verdict, adjudged Taylor guilty and sentenced him to serve two years in the penitentiary.

At the outset, the defendant filed a written plea in abatement. The fifth ground averred that the grand jury came from a box systematically filled with "persons who were either clients of J. Foy Guin [an attorney at law and], Chairman of the Board of Directors of the First National Bank of Russellville, members of the same church, faith, or order of the said J. Foy Guin, * * *" etc.

The sixth ground to abate was that the grand jurors were drawn from "a Jury Box from which members of his profession or trade were systematically excluded, to-wit: cow traders."

The trial judge, after a hearing, overruled these pleas. In the state of the record before us, we think correctly so. Coleman v. State, 276 Ala. 513, 164 So.2d 704, headnote 1; Fay v. People of State of New York, 332 U.S. 261, 67 S.Ct. 1613, 91 L.Ed. 2043.

Even under the minority views in Fay, supra, or those in Beck v. State of Washington, 369 U.S. 541, 82 S.Ct. 955, 8 L.Ed. 2d 98, the paucity of proof adduced (1) to show claimed overloading of the jury rolls by and with adherents of the Church of Christ, or bank borrowers, or Mr. Guin's legal clients; and (2) to establish the absence of cow traders justified this ruling by the trial judge.

The principal insistences of error which Taylor makes in his brief fall under (1) the extent of a claimed right to withdraw collateral; (2) claimed comment as to the defendant's election not to testify; and (3) lack of venue.

## I.

The bank lent Taylor $2,623.96 on April 18, 1961, evidenced by a note for that amount due January 3, 1962. The note also purported to convey the cattle and their increase. The bank filed the note in the office of the Judge of Probate of Franklin County.

In August, 1962, Mr. Pelham Sargent, Vice-President of the bank, searched in vain for the cattle. He testified, after proper predicate, that Taylor said he didn't have a cow. This admission Taylor had prefaced by the inculpatory, "I guess you want to kick my ass [sic]?"

Earlier in January, 1962, Taylor had given the bank a written financial statement saying therein that he owned ninety-five head of cattle worth $12,000. He listed liabilities of $12,155.75 due banks and a real property mortgage for $8,000. Taylor renewed the first note, the renewal falling due July 2, 1962.

Taylor's counsel, in cross examining Sargent, sought to show the bank had consented to Taylor's selling off the heifers.

## II.

Consent to sell negates intent to hinder, delay, or defraud which might otherwise be inferable from a sale. Nolin v. State, 37 Ala.App. 47, 64 So.2d 102; 258 Ala. 589, 64 So.2d 103; Farris v. State, 41 Ala.App. 51, 130 So.2d 54.

Ordinarily parol evidence to vary a written agreement purporting to be complete is inadmissible. Lightsey v. F. N. B. of Birmingham, 273 Ala. 416, 142 So.2d 681; Joseph v. Hopkins, 276 Ala. 18, 158 So.2d 660. Therefore, a consent in writing from the bank would have been requisite to vary the note which was unequivocal in conveying thirty heifers. No such writing came into evidence.

Folmar v. State, 19 Ala.App. 435, 97 So. 768, puts the onus of persuasion by showing consent on the defendant.

### III.

In Holcomb v. State, 19 Ala.App. 24, 94 So. 917, headnote 3 reads:

"In a prosecution for removing chattels with intent to defraud one having a claim thereto under a written instrument, testimony by a neighbor of accused that the mortgaged mules and wagon were not visible upon the premises of accused is admissible to show a removal of them."

In Cox v. State, 25 Ala.App. 38, 140 So. 617, Samford, J., said:

" * * * when it appears from the evidence that default had been made in the installment due and the car when sought by the lienholder was gone and could not be found in the community where, under the contract, it should have been, the jury was warranted in finding from the evidence that the defendant had disposed of the car. * * *"

Defendant had warranted to the bank that he owned these cattle outright. These two cases, Holcomb and Cox, supra, show that the circumstance of their disappearance was admissible as tending to support an inference of the removal of the beasts.

The court below was not in error in ruling there was sufficient evidence to let the jury have the case.

### IV.

Comment on Defendant's Not Testifying

The record, p. 132, shows:

"(WHEREUPON, THE HONORABLE BOB CLEERE, SPECIAL PROSECUTOR FOR THE FIRST NATIONAL BANK OF RUSSELLVILLE PRESENTED HIS CLOSING ARGUMENT TO THE JURY, FOLLOWING [SIC] WHICH THE FOLLOWING OCCURRED:)

" * * *

"MR. TAYLOR: Now, at this time we object to the statement of counsel wherein he stated, 'At this time, gentlemen, I think that you believe what Mr. Sargent said is true, you haven't heard anyone say here that it wasn't except the attorney who was representing the defendant.' At this time we move for a mistrial.

"THE COURT: Overrule the motion.

"MR. TAYLOR: Reserve an exception.

* * * * * *

"MR. TAYLOR: Let the record show we object to the remark, 'Gentlemen, are you going to let the man say or let the attorney say, "I am not guilty of this crime".'

"THE COURT: Overrule the objection."

We conclude that when taken together the above quoted portions of the special prosecutor's closing argument breach the prohibition of commenting on the defendant's election not to testify. Code 1940, T. 15, § 305. We see no need to pigeonhole the instant comment under the writer's classification suggested in Thompson v. State, 41 Ala.App. 353, 132 So.2d 386, except to say it would not fit in class (3) as diffused comment. See also Street v. State, 266 Ala. 289, 96 So.2d 686.

Whether Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, overruled the doctrine of eradication cited in Speakman v. State, 41 Ala.App. 662, 148 So.2d 651, and Davis v. State, 259 Ala. 212, 66 So.2d 714, is here only an academic question. See Joyner v. Commonwealth, 192 Va. 471, 65 S.E.2d 555; and Clark, Alabama Standards Concerning Comment by Counsel on the Failure of an Accused to Take the Stand, 17 Ala.L.Rev. 321.

The inquiry under Griffin v. State of California is moot because no curative direction to disregard was given by the court. Accordingly, § 305, supra, applies.

The judgment below is reversed and the cause remanded for new trial.

Reversed and remanded.

PER CURIAM.

Affirmed on authority of Taylor v. State, 279 Ala. 390, 185 So.2d 414.