237 So.2d 119

**Kenneth Marshall TYREE, alias**

v.

**STATE.**

**4 Div. 45.**

Court of Criminal Appeals of Alabama.

June 16, 1970.

———◆———

J. Fletcher Jones, Andalusia, for appellant.

MacDonald Gallion, Atty. Gen., and Joseph Victor Price, Jr., Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The indictment, in two counts, charged grand larceny and buying, receiving, concealing, stolen property. Conviction was had under Count 2, the receiving stolen property count.

The state's evidence tended to show that early Thursday morning, July 3, 1969, Mr. Robert Ryals, Andalusia, Alabama, discovered his shop had been broken into and about 800 pounds of magnet copper wire had been stolen. The wire was on spools and in five gallon buckets.

Late afternoon of July 3rd, the defendant was seen by one Glover Colvin sitting beside Stokes road, about five miles from Andalusia. Stokes road runs from the Brooklyn road to the Brewton Highway. Defendant was near an old road that turns off Stokes road. A 1955 Chevrolet automobile was parked 100 yards away on the old road, in sight of the Stokes road.

Around 8 o'clock p. m., the defendant came to Colvin's house, a quarter of a mile way, stated his car was broken down and wanted to call someone to come and get him. He used the telephone and left. The defendant was on crutches.

About 2:00 or 3:00 o'clock Saturday afternoon, July 6, the 1955 black and yellow Chevrolet was still parked on the road. Joe Mullins, a neighbor to Mr. Colvin, and his brother Jimmy Mullins, went down to check on the automobile; "because on that cut off road a lots of people go down and park, * * *." There was no one there at the time. They checked the car and saw foot prints and crutch marks. Early next morning (Sunday) Mr. Mullins' nephew went to see if the car was still there; while "messing around" he found a roll of copper wire buried in the ground near the automobile. He told his uncle Joe Mullins who went down and looked at the wire and reported it to his brother, Jimmy Mullins. Jimmy Mullins agreed to go with his brother after church but when he returned from church the car was gone. They went and looked at the wire at this time. Jimmy Mullins found five five-gallon metal buckets of copper wire in a grassy area in some bushes, about 35 to 70 feet from where the spool of wire was found. The buckets were not in an area where they naturally would have rolled, but evidently

were placed there by someone. The buckets weighted around 100 pounds apiece. There were foot prints and many crutch marks in the sand around where the car was parked and within four or five feet of the buckets of wire. There was testimony that the car was towed away Sunday morning and that it was driven back down the Stokes road Sunday afternoon.

The defendant's testimony tended to show that he lived with a brother in Andalusia; that he and a younger brother spent Wednesday night, July 2nd, in Pensacola, Florida, with a friend. As next day they were driving toward Andalusia defendant drove off the highway onto a dirt road to answer a call of nature. When he returned to his car the motor wouldn't start; that his brother went to Andalusia to get his older brother to come for defendant. While waiting for them to come back he did considerable walking around the car and down the road. It was getting late and about 8:00 or 9:00 o'clock he went to Mr. Colvin's and tried to call his brother but received no answer. As he was leaving Colvin's his brother came for him. He told his brother to leave his car and get it later. He denied ever having seen the copper wire.

For the purpose of comparison prints of automobile tire tracks made by using plastic cement casts, and a tire taken from defendant's automobile were introduced in evidence over objection of defendant. The Sheriff of Covington County testified he made the prints on July 3, 1969. The tracks from which the prints were taken were found at Mr. Ryal's shop. "It was in a driveway facing Carlton Street. It was on the left hand side of the building going into the street." The tire was taken from defendant's car on July 7th.

The state's witnesses testified the land where the car was parked and the wire was found belonged to Glover Colvin. The area was known as a lover's lane and was easily accessible to the general public.

Without resort to surmise or suspicion the evidence adduced was not sufficient to constitute defendant as the constructive possessor of the wire. There was no showing that he was ever in actual possession of it.

The tire tracks and tire were not relevant and admissible evidence. The tracks were not shown to have been recently made. In fact, the sheriff's testimony fails to disclose what time of day the prints were made, whether soon after the discovery of the alleged burglary or whether they were made at the close of business on July 3rd. The inference to be drawn is that they were found in a driveway used by the general public.

We are of opinion the defendant's motion to exclude the state's evidence should have been granted, or failing that, the motion for a new trial on the ground of the insufficiency of the evidence to support the conviction was due to be granted.

Reversed and remanded.