The defendant was indicted and convicted for buying, receiving or concealing stolen property. Sentence was three years' imprisonment, two years of which were suspended.
David Meeks testified that a silver 1976 Dodge van was stolen from his home in Birmingham, Alabama. He did not know the vehicle identification number and "gave the police everything on the van identification." After his van was stolen he never *Page 496 
saw it again and did not identify any van found in the defendant's possession.
Special Agent James W. Johnson of the National Automobile Theft Bureau obtained a vehicle identification number from a silver Dodge van located in a shop on the defendant's salvage yard. The number was taken from a confidential location on the frame of the vehicle. Agent Johnson gave the number to Ralph Beasley, Commander of the Auto Theft Unit of the Alabama Bureau of Investigation who "checked for stolen through the State Trooper computer" apparently by using a car radio. He learned that the van belonged to David Meeks.
Counsel for the defendant vigorously objected to the admission of this testimony on the grounds that it was hearsay and that "[t]hat's not the way you prove a case." The trial judge overruled the objections and allowed the testimony into evidence. This testimony was incompetent under the hearsay rule and should not have been admitted. United States v. Johnson,413 F.2d 1396, 1398 (5th Cir. 1969). Compare with Cory v.State, 372 So.2d 394, 399 (Ala.Cr.App. 1979), wherein this Court held that "testimony of the details of the [radio] dispatch is not inadmissible as hearsay evidence when it is not offered to prove the truth of those details."
With this testimony excluded, the State "utterly failed" to make out a case of buying, receiving or concealing stolen property as charged in the indictment. Johnson, 413 F.2d at 1398. "There must be some evidence of common characteristics other than color, make, and model of the automobile in order to establish identity." Watkins v. United States, 409 F.2d 1382,1386 (5th Cir. 1969). The identity of the property bought, received or concealed with that alleged in the indictment to be stolen must be established beyond a reasonable doubt to support a conviction for buying, receiving or concealing stolen property. Johnson; Watkins. The scanty evidence presented by the State does not show that the van stolen was the same as that later found in the possession of the defendant. At most the State's proof shows that a van of common make, color and design was stolen from David Meeks in Jefferson County and that a van of similar make, color and design was found in the defendant's possession in Walker County. For this reason, this case must be reversed.
The State's own proof showed that the police received "everything on the van identification" from Mr. Meeks. The prosecution went to trial without this information, apparently relying on the thought that it could cure the defect by the testimony of Commander Beasley. Since the evidence was insufficient to support the conviction, this case must also be rendered pursuant to the requirement of Burks v. United States,437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).
In denying the defendant's request to exclude the State's evidence, the trial judge stated that he "was almost persuaded" to grant the motion. We are persuaded that the motion should have been granted and the defendant discharged. For the failure of the State to present sufficient evidence to sustain the defendant's conviction, this case is reversed and rendered.
REVERSED AND RENDERED.
All Judges concur.