Appellant Roland Martin was convicted of receiving stolen property and sentenced to seven years' imprisonment. Since the only issue we will discuss in this case involves the sufficiency of the evidence, we include a summary of the State's case in chief.
John Wilburn testified that he was a branch manager of the Neely Coble Company. He said that according to the company's business records, they received a Freightliner truck in stock containing a thirteen-speed Fuller transmission in December of 1981. The witness related the model and identification numbers of the vehicle. The truck was stolen on January 1, 1982. Sherria Trapp testified that early in 1982 she was living with her future husband, Howard Ray Trapp. She was asked if at that time Trapp "and maybe you and some other folks" had in their possession a 1982 Freightliner truck. She replied, "Yes", and stated that when she saw the truck it was "in pieces". She said that on March 11, 1982 she went to appellant's house with Howard Trapp in a pickup truck carrying "a big part of a truck". When asked if the particular part came out of the Freightliner truck, the witness replied, "I guess." When asked what the truck part specifically was, she said, "I think it was a transmission." During cross-examination, the witness admitted that she was unable to recognize a transmission and that she did not know what was in Trapp's truck. She testified that there were other things that appeared to be automobile and truck parts around Howard Trapp's house, and that they had been around there for some time. She stated that while she stayed at the Martin residence, Howard Ray Trapp and Roland Martin left, driving the pickup truck. When they returned, the large part was no longer in the pickup.
B.A. Richardson testified that he was an investigator for the Auto Theft Unit of the Department of Public Safety. His investigation of the theft at the Neely Coble Company led him to the residence of Howard Ray Trapp and Sherria Nelson, where he found a dismantled 1982 Freightliner truck. The truck's transmission and tires were missing. Richardson said that all of the identifying numbers had been removed from the truck except for one, and through the use of that number the dismantled truck was identified as the one stolen from the Neely Coble Company.
In April of 1982, Investigator Richardson went to the home of Roland Martin, where he saw a Freightliner truck containing a transmission that appeared to the witness to be new. When questioned about the transmission, Martin said it was a thirteen-speed Fuller which he had bought in December for $1,000.00. The witness told Martin that the transmission was stolen, although Richardson's testimony did not reveal how he identified that transmission as the stolen one. He testified on cross-examination that there were no serial number plates on the transmission and that there was no way to tell one Fuller transmission from another without such serial number plates. He was asked, ". . . . there is no *Page 1342 
way that we can or anybody can tell that that particular transmission you saw was stolen; is there?" His answer was, "No, sir." Appellant stated he would remove it from the truck and call Richardson. When the investigator called the appellant later, Martin said he had given the transmission back to the man who had sold it to him.
Investigator Richardson testified that he had been unable to locate the transmission since that time.
Gary Sutherland said that he worked for City Diesel Service and that around March 11, 1982, Roland Martin came by, saying he was having trouble with his truck's transmission. The transmission was checked by City Diesel Service and it was discovered that it would cost a considerable amount to repair it. The witness said Martin returned the next day with a thirteen-speed Fuller transmission, which was installed in the truck.
Ralph Humphries of City Diesel Service testified that he put a new transmission in a Freightliner truck for Roland Martin. He stated that an individual came to City Diesel with Martin on one occasion. Both Humphries and another employee of City Diesel picked pictures of Howard Ray Trapp out of photographic lineups; they told Investigator Richardson that the man in the picture was the one who had accompanied Martin to City Diesel.
Appellant contends that the trial court committed reversible error when it overruled his motion to exclude the State's evidence. Specifically he claims that the State failed to prove that the transmission seen in his possession came from the truck stolen from the Neely Coble Company.
We must agree. Before a conviction for receiving stolen property can be sustained it must be shown that the accused had control over the property stolen. Tyree v. State, 46 Ala. App. 8, 237 So.2d 119 (1970); Tombrella v. State, 431 So.2d 1355
(Ala.Crim.App. 1983).
The strongest evidentiary link between the stolen transmission and appellant is the testimony of Sherria Trapp. She indicated that it was her "guess" that the truck part carried to Roland Martin came from the Freightliner truck that was in pieces around the residence where she and Trapp lived. She also said that she thought that the large part taken to Martin was a transmission. The dismantled Freightliner truck on the Trapp property was the vehicle stolen from Neely Coble; however, there was insufficient showing that its missing transmission was the same large truck part delivered in the pickup truck to Roland Martin.
While it is true that the corpus delicti of the crime of receiving stolen property may be proven by circumstantial evidence, Boykin v. State, 398 So.2d 766 (Ala.Crim.App. 1981),writ denied, Ex parte Boykin, 398 So.2d 771 (Ala. 1981), Sherria Trapp's "guess" that the part delivered to Roland Martin came from the Freightliner truck is not enough to establish appellant's possession of the stolen property. In the case of Parker v. State, 386 So.2d 495 (Ala.Crim.App. 1980), a conviction for receiving stolen property was overturned for insufficiency of the evidence. In that case the only admissible evidence linking the defendant to the crime showed that he was in possession of a van of the same make, color and design as the one stolen from the victim. In that case, this court, speaking through Judge Bowen, emphasized that in order to establish the identity of the stolen vehicle there must be evidence of common characteristics other than make, model and color.
Applying those principles to the case at bar, we find that although appellant was shown to be in possession of a transmission of the same type and model as the one stolen, this showing was insufficient to prove that he had control over the unrecovered stolen transmission.
The motion to exclude the State's evidence should have been granted and the defendant discharged. The State failed to present sufficient evidence to sustain the defendant's conviction, and the judgment of the trial court is due to be reversed. *Page 1343 
The United States Supreme Court has mandated that "the Double Jeopardy Clause precludes a second trial once a reviewing court has found the evidence legally insufficient", Burks v. UnitedStates, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and we find we have no choice but to reverse and render the decision of the lower court.
REVERSED AND RENDERED.
All the Judges concur.