BOWEN, Presiding Judge.
Clyde Douglas Cook was indicted and convicted for receiving stolen property in the second degree. Alabama Code 1975, § 13A-8-18. He was sentenced as a habitual offender to 15 years’ imprisonment. His conviction must be reversed because the State failed to prove that the property found in his possession was in fact the same property described in the indictment.
The trial was short and only two witnesses testified. William Youngblood owned Youngblood Mobile Home Sales. He testified that in June of 1981 (although it is apparent that the burglary occurred in 1980) his business was burglarized and “a [G.E.] microwave oven and a stereo system” were stolen. Approximately two days after the burglary the Adamsville Police returned the microwave to him “in substantially the same condition as before it was stolen.”
Adamsville Police Sergeant Thomas Moon testified that he investigated the burglary and initially talked to Dwight Oliver, who said he sold the microwave to the defendant for $30. The defendant brought the microwave to the police station. On June 6, 1980, the defendant gave a statement in which he admitted giving Oliver $20 for the microwave and agreeing to pay him an additional $20 when Oliver returned with “some guns” the defendant and Oliver were “going to make a deal on.” Sergeant Moon did not testify that he returned any microwave to Mr. Youngblood. With this evidence the State rested.
This case must be reversed and the judgment rendered for the defendant. The State failed to present a prima facie case. There is no testimony that the microwave returned to Mr. Youngblood was in fact the microwave the defendant brought to the police station. There was no testimony that the microwave Oliver sold to the defendant was in fact the microwave stolen from Mr. Youngblood. Although Young-blood did testify in substance that his oven was returned to him by the Adamsville police, there is no testimony that the microwave returned to Mr. Youngblood was the one the police obtained from the defendant. Essentially the same error was committed in the case of Oliver v. State, 450 So.2d 188 (Ala.Cr.App.1984).
While we may assume that only one microwave was involved, the burden is on the State to prove its case beyond a reasonable doubt. “The identity of the property bought, received or concealed with that alleged in the indictment to be stolen must be established beyond a reasonable doubt to support a conviction for buying, receiving or concealing stolen property.” Parker v. State, 386 So.2d 495, 496 (Ala.Cr.App.1980).
The circumstances of this case do not allow a legitimate inference that the defendant purchased the stolen microwave. Verdicts in criminal cases cannot rest on “surmise, speculation, and guesswork.” Nolin v. State, 37 Ala.App. 47, 48, 64 So.2d 102, cert. denied, 258 Ala. 589, 64 So.2d 103 (1953). “[N]o rule is more fundamental or better settled than that convictions cannot be predicated upon surmise, speculation, and suspicion to establish the accused’s criminal agency in the offense charged.” Benefield v. State, 286 Ala. 722, 724, 246 So.2d 483 (1971).
Not only must this case be reversed, but on authority of Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), the judgment must be rendered for the defendant.
REVERSED AND RENDERED.
All Judges concur.