319 So.2d 739

**Alton SANDERS, alias**

v.

**STATE.**

3 Div. 374.

Court of Criminal Appeals of Alabama.

Oct. 1, 1975.

John W. Davis, III, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Sarah M. Greenhaw, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Appellant appeals from a conviction of receiving stolen goods. Code 1940, T. 14, § 338. The trial judge sentenced him to seven years imprisonment.

In July, 1974, someone broke and entered the store of J. V. Guest, five miles west of West Point, Mississippi. Mr. Guest testified that about 300 cartons of cigarettes, a "whole bunch" of stereo tapes, twenty rifle cartridges, a number of wrist watches and pairs of panty hose were missing. Also taken were some blank checks.

Later appellant came to Montgomery and was present at the residence of one John Coley. Earlier that day the Montgomery Police chased a truck which the driver wrecked and abandoned. In the wreckage were a number of cigarettes bearing Guest's name. Also, there was a black bag with letters addressed to appellant and two sets of blank checks imprinted "Mr. or Mrs. J. V. Guest." A detective testified that he took a wrist watch from appellant.

I

The State made no proof of value of any of the goods. The charged offense rests on the following statute:

"Any person who buys, receives, conceals, or aids in concealing any personal property whatever, knowing that it has been stolen, or having reasonable grounds for believing that it has been stolen, and not having the intent to restore it to the owner, shall, on conviction, be punished as if he had stolen it; and such offender may be tried and convicted, although the person who stole the property has not been tried and convicted." § 338, supra.

The punishment rests on that prescribed for larceny. We have in Alabama two de-

grees of larceny, grand and petty. Ordinarily, the value line is $25.00. See Code 1940, T. 14, § 331, as amended, and § 334. Conviction of grand larceny requires a penitentiary sentence for not less than one nor more than ten years. Petty larceny is a misdemeanor which carries a maximum jail or hard labor sentence of one year. § 334, supra.

It is elemental in larceny (and in receiving) that the State prove (a) that the stolen property has value and (b) the value in monetary terms. The appellant's affirmative charge here requested in writing should have been given. *Padgett v. State*, 44 Ala.App. 548, 216 So.2d 187; *Nelson v. State*, 56 Ala.App. ——, 520 So.2d 714, this day decided.

### II

The appellant's motion to quash the indictment because of the alleged exclusion of ex-convicts from the jury roll in Montgomery was properly overruled for lack of proof, if for no other reason.

For the refusal of the affirmative charge the judgment below is reversed and the cause is remanded for a new trial.

Reversed and remanded.

All the Judges concur.

