*1244 ON REHEARING
This case was first before us as Sanders v. State, 56 Ala.App. 120, 319 So.2d 739, wherein the judgment of conviction with a sentence of seven years imprisonment was reversed and the cause remanded for the failure of the evidence to show the value of the property allegedly bought, received or stolen. After another trial, conviction and a sentence to imprisonment for ten years, it came before us again. By opinion of October 12, 1976, the judgment of conviction was affirmed and the case was remanded for appropriate sentencing consistent with the principle that the showing of the existence of a reason why the second sentence was longer than the first is a prerequisite to an increase in the sentence. Simpson v. Rice, 395 U.S. 711, 89 S.Ct. 2072, 22 L.Ed.2d 655; Newsome v. State, 49 Ala.App. 248, 270 So.2d 680. The directions given included the requirement that defendant must be credited with the time, if any, he served on the first sentence. In accordance with directions, as shown by a supplemental transcript, appellant’s sentence was reduced to seven years and defendant was “credited with 471 days which he served on this sentence before the case was reversed.” On December 29, 1976, appellant by his present attorney filed a motion or similar document requesting, inter alia, that this court “withdraw its decision of October 1976.” Largely as a basis for the motion, movant alleged that he did not have the benefit of counsel at the time of the submission of this case on appeal in that his then appointed counsel had died and that his present counsel was not appointed until December 21, 1976. An order was entered on December 30 denying the motion to withdraw decision but ordering that the appeal be placed on rehearing ex mero motu with appellant’s attorney to file briefs in support of his application for rehearing, with which order appellant’s attorney has complied.
Two points are now raised by appellant: (1) that upon the resentencing or reduction of the sentence, defendant was not requested whether he had anything to say why sentence should not be pronounced upon him and (2) the record on the second conviction, the one from which this appeal is taken, does not show a proper verdict of the jury.
As to (1), there was full compliance with the directions on remand. There was no necessity for a formal resentencing, in view of the fact that by the reduction of the sentence and the accreditation of time spent in imprisonment, defendant obtained every benefit available to him. The sentence as modified was in melioration of a sentence that had been previously pronounced with all of the formal requirements.
As to the validity of the purported verdict, our attention is called to the following part of the record:
“THE COURT: See if the jury has reached a verdict.
“THE BAILIFF: They have, sir.
“(Whereupon, the jury returned to the courtroom and the following proceedings were had.)
“THE COURT: If you have arrived at a verdict, pass it to the bailiff.
“Let the defendant stand. Is the verdict of the jury, we, the jury, find the defendant guilty? Let the defendant come forward.”
*1245 Thereafter, in a rather extended colloquy between the court and defendant, in which it is shown clearly that defendant fully understood that the jury had rendered a verdict of guilty, the court adjudged him guilty and pronounced sentence upon him. During all that time he was represented by counsel and not once was any question raised as to the finding and verdict of the jury. The oral charge of the court shows that two forms of written verdict — only two — were submitted. The indictment set forth various items of personal property alleged to have been bought, received or concealed, most of which were alleged to have been of the value of more than twenty-five dollars. There was testimony on the second trial as to the value of many of said items, including particularly, an item found upon defendant. There was no contention on the trial that defendant could have been guilty of buying, receiving or concealing stolen property of the value of less than twenty-five dollars. No issue was submitted to the jury as to his guilt of buying, receiving or concealing stolen property of the value of less than twenty-five dollars, and no request was made for the submission of such an issue.
Appellant takes the position that “No verdict was read. No response was made by the jury. The record fails to reflect the proper rendition of a verdict.” We do not agree. The record shows that after sentencing of the defendant before the jury had been released from the courtroom, defendant’s trial attorney requested that the jury be polled, and the following occurred:
“THE COURT: All right, I am requested to poll the jury. Now, I am going to ask you, is that your individual verdict, sir?
“(Whereupon, the jury was polled and all answered in the affirmative.)”
In addition, we note that probably a typographical self-correcting error occurs in the following sentence of the court:
“Is the verdict of the jury, we, the jury, find the defendant guilty?”
Punctuation marks in a transcript or record of what one said do not necessarily reflect the meaning of what one said. Furthermore, what one says as a declarative statement can be readily misunderstood at times as interrogative. Although not absolutely essential to our decision in this case on the point, it seems to us logical that almost certainly the court said: “It is the verdict of the jury, we, the jury, find the defendant guilty.” This conclusion is corroborated by the verdict in handwriting on the indictment, “We the jury find the defendant guilty” and signed by the person shown by the minutes of the court to have been the foreman of the jury.
After the case was placed on the rehearing docket, appellant’s counsel made a request for a finding of facts in accordance with ARAP 39(k), but the request is not supported by any portion of appellant’s brief and argument on rehearing. We would be disposed to answer the request if we could see any necessity or good reason therefor. No contention is made, and we see no basis for any reasonable contention, that the evidence was not sufficient to justify the verdict. Neither on the appeal from the conviction on the first trial nor on the original submission on this appeal nor on rehearing has any suggestion been made that there was any necessity for the statement of any more facts than have been previously stated, and appellant has not even indicated that he “is not satisfied with” any previous statement of the facts, which is a predicate for the application of Rule 39(k) ARAP. We note in appellant’s “Statement Of The Facts” attached to his request for a finding of facts the following:
“The verdict of the jury was never read to defendant.
“The verdict was never read into the record. The jury never responded to the court’s question.”
with which we are in disagreement. We think the verdict was read in the presence of defendant and his counsel; that the record shows a verdict of the jury signed by its *1246 foreman and that the verdict was unanimous. The application for rehearing should be overruled.
OPINION EXTENDED.
APPLICATION OVERRULED.
All Judges concur.