# Booker *v.* The State.

### *Larceny.*

(Decided May 15, 1907. 44 South. 56.,

1. *Former Jeopardy; Conviction on One Count.*—Where there are two counts in an indictment, one charging larceny and the other recieving stolen goods, a conviction under the second count is an acquittal of the first.

2. *Same.*—Where there was a verdict of guilty on the second count in an indictment, which was set aside, on motion, before judg-

ment, such verdict does not operate as an acquittal 'as to the second count, although the verdict was an acquittal as to the first count.

·3.   *Receiving Stolen Property; Elements of Offense.*—The defendant must be shown to have had some control over the property, or to have concealed or aided in concealing the property stolen.

4.   *Same; Proof of Value.*—An order to determine whether the punishment for receiving stolen property shall be that prescribed for petit larceny or for grand larceny, it is necessary that proof of the value of property received be shown.—*Section* 5054, Code 1896.

APPEAL from Jefferson Criminal Court.

Heard before Hon. M. M. BALDWIN, Special Judge.

Albert Booker was convicted of receiving stolen goods, and he appeals. Reversed and remanded.

SUMTER LEA, and FRANK S. ANDRESS, for appellant. —The verdict of the jury finding the defendant guilty under the circumstances operated as an acquittal as to the 1st count.—*Berry v. The State,* 65 Ala. 120; *Foster v. The State,* 88 Ala. 185. The offense is not complete if accused fails to acquire dominion over the property so as to give him actual possession or control.—*Spivey v. The State,* 26 Ala. 90; *Edmunds v. The State,* 70 Ala. 8; *Croom v. The State,* 71 Ala. 14; *Frazer v. The State,* 85 Ala. 17; *Thompson v. The State,* 94 Ala. 535.

ALEXANDER M. GARBER, Attorney General, for the State.—No brief came to the Reporter.

TYSON, C. J.—The indictment upon which the conviction was had contained two counts. The first charged the offense of larceny, and the second the offense of buying, receiving, concealing, or aiding in concealing stolen property, etc., in violation of section 5054 of the Criminal Code of 1896. On the first trial there was a verdict of guilty by the jury on the second count, which was set aside on motion of defendant before judgment was pronounced upon it by the court. The legal effect of the verdict was to operate as an acquittal of the de-

[Booker v. The State.]

fendant of the larceny.—*Bell and Murray v. State*, 48
Ala. 684, 17 Am. Rep. 40; *Clifton v. State*, 73 Ala. 473-
477, and cases there cited. But the vacating of the ver-
dict did not operate as an acquittal of defendant of the
offense alleged in the second count.—1 Mayfield's Dig.
p. 490, § 12. There was, therefore, no error in the rul-
ings of the trial court with respect to the plea of former
jeopardy as originally filed. And, if error intervened
with respect to the replication to the plea after amend-
ment, it was clearly without injury, since the defend-
ant's conviction was again upon the second count of the
indictment, upon which he had never been in legal
jeopardy.

It is undoubtedly true that, in order to sustain a con-
viction for receiving stolen property, the defendant
must be shown to have had a control over the property.
But our statute is broader than the common-law offense,
and makes the person who conceals or aids the thief in
the concealment of the property stolen equally guilty
with him who receives such property. Under the testi-
mony it was open to the jury to find that a portion of
the property described in the indictment was stolen;
that it was received by defendant after being stolen,
and concealed in the woods; or that he aided in so con-
cealing it, knowing that it was stolen. Of course, if he
did not aid in concealing or did not receive it after it
was stolen, he should be acquitted. In other words, if
his only act with respect to the property was to accom-
pany Jones to the place in the woods where it was depos-
ited and left by the thief for the purpose of carrying it
away, or if he committed the larceny and placed the
property where found in order to carry it away at a
subsequent time, he should be acquitted.

There was no proof of the value of the property. Un-
der the statute the offender must be punished as if he

[Coburn v. The State.]

had stolen it.   Proof of the value was, therefore, necessary to a conviction, in order to determine whether the punishment should be that prescribed for petit larceny or grand larceny.   If the value of the property was less than $25, then the punishment fixed by the statute for petit larceny should be imposed; if greater, then the punishment fixed for grand larceny should be imposed.

Reversed and remanded.

DOWDELL, ANDERSON, and McCLELLAN, JJ., concur.