176 So. 613

## MIDDLETON v. STATE.

6 Div. 162.

Court of Appeals of Alabama.

Oct. 26, 1937.

Fred Jones, of Hamilton, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

The indictment was drawn, under section 4912 of the Code of 1923, which provides: "Any person who buys, receives, conceals, or aids in concealing any personal property whatever, knowing that it has been stolen, or having reasonable grounds for believing that it has been stolen, and not having the intent to restore it to the owner, must, on conviction, be punished as if he had stolen it."

The evidence in this case tends to prove that a certain rubber belt was stolen from a sawmill in Mississippi, delivered by the thief to this defendant, and by him shipped from a point in Alabama to De Funiak Springs, Fla.; from which point it was afterwards returned by the express company to the point of shipment.

Before there can be a conviction there must be evidence sufficient to convince the jury, beyond a reasonable doubt, of every material ingredient of the offense charged. Included in the ingredients of this offense is a guilty scienter, which may be inferred by the jury from the facts and circumstances surrounding the entire transaction. Vacalis v. State, 204 Ala. 345, 86 So. 92.

It is not disputed that the property was stolen; that it was delivered into the possession of this defendant in Alabama by the thief, who was to be paid $10 when the property was sold and money collected by this defendant; that the defendant obtained the property after night; that he shipped it by express to a party in De Funiak Springs, Fla., under a C. O. D. contract from the express company at a valuation of $22.50; that the property was not taken out of the express office in De Funiak Springs; and that the defendant was notified, by a post card, to that effect, and the property was returned to the point of shipment. An investigation having been instituted by the owner of the property, this card was turned over to the owner, who then recovered the property from the express company. The theft of the property having been shown, without dispute, and the receipt of it by this defendant, it became a question for the jury under all the facts and circumstances as to the criminality of this defendant. First, as to whether or not the defendant knew, or had reasonable grounds to believe, it was stolen property, and whether or not he had the intent, upon its receipt, to return it to the rightful owner.

There were many objections and exceptions to testimony as to these various questions, all of which have been examined, and in them we find no reversible error.

It is insisted in brief of counsel that the trial court committed reversible error in permitting the plaintiff to testify as to the value of the property. Proof of value is necessary in a case of this kind in order to determine whether the punishment should be that prescribed for grand larceny or petit larceny. Booker v. State, 151 Ala. 97, 44 So. 56.

It is true that in the testimony given by the owner regarding the value of the belt, the questions as to his knowledge of the value were not answered categorically, but his testimony revealed the fact that he had a general knowledge of the value of the property stolen, and his testimony was such that the jury might draw correct conclusions therefrom.

566

Moreover, the defendant's evidence fixed the value of the property at less than $25, thereby making the punishment that of petit larceny; whereas, the testimony of the owner would have made it grand larceny. The jury in making up its verdict, therefore, must have taken the testimony of the defendant which rendered any error in the testimony of the owner, regarding value, not injurious to the defendant's cause.

Appellant's counsel, in brief, insists that the trial judge committed error in his charge to the jury regarding the punishment. This point is not properly raised. No exception to any part of the court's oral charge, and no written charge, raising this point, was requested in writing by the defendant.

We have read this entire record carefully, and upon full consideration we are of the opinion that the whole question was for the jury under the evidence and the charges of the court, and that no prejudicial error appears in any part of the record.

The judgment is affirmed.

Affirmed.