208 So.2d 245

**Billy Jack CURTIS**

v.

**STATE.**

**8 Div. 60.**

Court of Appeals of Alabama.

June 27, 1967.

J. N. Powell, Jr., Decatur, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was indicted by the Grand Jury of Morgan County, Alabama for second degree burglary and buying, receiving and concealing stolen property. This property consisted of rare coins allegedly stolen from one Louis Bell of Decatur, Alabama. The plea was not guilty to both charges. This appeal is from a conviction and verdict on Count II, buying, receiving and concealing stolen property, and a judgment by the court imposing a sentence of eight years in the State penitentiary.

The State's first witness was Mr. Edd Sims who testified that he was a lifelong resident of Decatur, Alabama and lived next door to Mr. Louis Bell. He stated that in December, 1964, Mr. Bell went to Florida and asked him to care for his house during his absence, leaving a key for him to "turn on the lights at night". The witness testified that on January 9, 1965, he went to Mr. Bell's house, turned on the light and locked the door and that when he went back on Sunday morning to turn the light out and check the furnaces he found the front door opened. He said it had been "broken open" and had a "small scar on the side of a lock". The witness testified that when he entered the house he found therein a second door broken open and in this room he found a safe which had been burned "and the doors were off of it". In detail he testified as follows:

> "The couch in the livingroom was moved from under the windows to the center of the floor and when I walked into the hall going into this bedroom well there was a blanket on the furnace and there were blankets over the windows and there was in the room where the safe was there was a burning torch and a sledge hammer and crowbars and in the living room on the carpet there had been cigarettes that had been smoked and had been mashed on the carpet."

Mr. Charles, Anderson, a wholesale coin dealer, testified that certain rare coins were sold to him by appellant and that, because of their distinctive methods of packaging and wrapping, these coins might belong to Mr. Bell. Mr. Anderson stated that at this transaction, appellant told him on one occasion that the coins were won by him in a card game; that he later told him that he had been a longtime coin collector; and that when he reminded him of his previous statement, he changed his story back to its original form. Anderson stated that he knew appellant but did not know of him as a coin collector. He stated that recently he had had three transactions with appellant in the sale of coins, in the last of which he paid appellant $50.00 for approximately $198.90 worth of coins and that these coins were those in question. An-

derson stated that he returned these coins to Mr. Bell who reimbursed him for them.

Robert Bell, son of Louis Bell, testified that he had worked with his father closely in preparation of the coins, and identified his father's handwriting and markings on some of the packages and coin tubes contained in the aggregate of coins sold by appellant to Anderson on the last transaction.

Bobby Newsom, former Decatur City Detective, now a Federal Officer, testified that he had investigated the robbery, accompanied by another officer; that he had a warrant of arrest but no search warrant; that he informed appellant of his constitutional rights to refuse to have his premises searched without a search warrant, and then asked appellant for the right to search his premises. The witness stated that he offered no hope of reward, inducement or threat or promise to appellant in procuring his permission to search his house, but that appellant voluntarily permitted the search, which revealed a large amount of coin packages and tubes and two rare coins. Appellant contended that he had never allowed this search; that the coins found were a gift from a friend; and that the tubes, etc., were given to him by Anderson.

The State Toxicologist testified that some rare dimes turned over to him from those sold by appellant to Anderson bore stains which could have been caused by burning—at least by a very high heat—and that the safe from which the coins were originally stolen had had its doors burned off.

Appellant claims as error the remarks by the solicitor in his opening statements, referring to appellant as, "The defendant was a criminal" and "Officers had to come into the courtroom under guard because of threats of the defendant"; the statement by the solicitor that appellant was "a gambler"; and the denial of his motion for a mistrial because of these prejudicial references to appellant.

Although contained in appellant's motion for a new trial, these allegations do not appear in the record of the trial, and, therefore, it follows that they were not objected to by appellant. The exceptions taken by counsel must be specific and set out clearly for this court to rule on them. At no point does the record reveal these contentions which appellant claims as error. In his judgment on motion for new trial, the trial judge stated:

"The Court has seen the transcript of the evidence in this case and no such objections or statements are shown to have occurred."

In Autry v. State, 34 Ala.App. 225, 38 So. 2d 348, the court stated in part as follows:

"Points intended to be reviewed must be set out in the record with reasonable certainty, and in such manner as to inform the court of the matter to be reviewed with such a degree of clarity as to enable the reviewing court to act without danger of mistake, otherwise the matter complained of will be disregarded because of uncertainty. Findlay v. Pruitt, 9 Port. 195.

"Certainly in the state of the record we think that full operation should be given to the general principle that propriety of argument of counsel is largely within the trial court's discretion. Ray v. State, 32 Ala.App. 556, 28 So.2d 116; Bell v. State, 25 Ala.App. 441, 148 So. 751; Gaines v. State, 23 Ala.App. 166, 122 So. 699."

Appellant also claims as error allowance of repetitious testimony as to where Mr. Anderson stated that appellant had procured the coins. The questions by counsel were proper in nature and form, and in no way prejudicial to appellant. As stated in Penry v. Dozier, 161 Ala. 292, 49 So. 909, "It is in the discretion of the court to determine how often counsel may be permitted to repeat the same question which a witness has once answered."

Appellant's claim of error No. 5 is that it was improper to allow the solicitor to question Mr. Bell's son as to the value of the coins stolen. The State contends that the reasoning behind the question of value is to determine the degree of larceny —petit or grand—in order to arrive at a proper verdict, with which reasoning we agree. Appellant's counsel admits that in prosecution for receiving stolen goods, proof of the value is necessary to determine the degree of punishment. Middleton v. State, 27 Ala. App. 564, 176 So. 613. And as set out in Booker v. State, 151 Ala. 97, 44 So. 56:

"As under Code 1896, § 5054 [Code of Alabama 1940, Recompl. 1958, Tit. 14, Sec. 338] making it an offense to receive or conceal stolen goods, the offender must be punished as if he had stolen it, proof of value is necessary to conviction, in order to determine whether the punishment should be that prescribed for petit larceny or grand larceny."

A judgment of conviction for buying, receiving, or concealing stolen property would be reversed in absence of proof of value of the property. Lang v. State, 23 Ala.App. 576, 129 So. 312.

Appellant's claim of error No. 10 is that it was error to not allow him to testify as to the value of the coins. We feel that this claim has no merit. Appellant attempted to introduce a newspaper account of the robbery in evidence to show the value stated by the newspaper was a greater amount than that stated by Robert Bell, viz., $4,500.00. This overruling of appellant's contention was correct as anything introduced into evidence from the newspaper account would be hearsay. The case of Dallas County v. Commercial Union Assur. Co. (C.A.Ala.1961), 286 F.2d 388, states in part as follows, "Newspaper article is hearsay and, in almost all circumstances, is inadmissible." See also Persons v. Summers, 274 Ala. 673, 151 So.2d 210.

Appellant's claims of error 6 and 7 deal with the testimony of Officer Newsom as to a prior burglary of the Bell house and the methods used at that time. It may be noted, however, that counsel for appellant opened the door for this line of questioning by asking Newsom the following:

"Q. When you was investigating the burglary here in Decatur, in your professional judgment as a detective, did it appear to you to be a professional job over there at that house, a professional burglary?

"A. Yes, more or less.

"Q. In other words, it didn't look to you like an amateur, somebody that had never been in a burglary deal before?

"A. It appeared to me to be the same method of operation that had been *used previously at another burglary at the same house.* [Emphasis ours]

"Q. Previously, somebody that carried their torches and knew what they was doing in the line of burglary, is that right, in burglarizing a house?

"A. Yes, sir."

and the court so specifically ruled as follows:

" * * * you opened this up, Mr. Powell. I would not let him go into this, but you asked this witness about what evidence or you asked him what he had * * *."

We have diligently reviewed the other and various claims of error of appellant and find no merit in their contentions.

The judgment in this cause is due to be and the same is hereby

Affirmed.