216 So.2d 187

**John Allen PADGETT**

v.

**STATE.**

**4 Div. 648.**

Court of Appeals of Alabama.

Nov. 19, 1968.

Smith & Smith, Dothan, for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The indictment contained three counts. The first charged burglary, the second larceny and the third the offense of buying, receiving, concealing, or aiding in concealing stolen property, etc., in violation of Title 14, Section 338 of the Code of 1940. Conviction was had under the third count. Punishment was fixed at imprisonment in the penitentiary for a term of six years.

The indictment alleged that the property involved was "2 radios and 1 stereo, of the aggregate value of $178.27, the personal property of J. Chester Seay," etc. Mr. Seay testified the property missing from his shop consisted of "4 radios and one stereo," and that its value was "one hundred seventy-eight dollars, twenty-seven cents."

Detective Marvin Dillard testified the serial numbers of four radios and one stereo which were used in the affidavit for obtaining a search warrant came from the offense report received at the police station. He described these articles and listed the serial numbers.

L. O. Skipper, Chief Deputy Sheriff of Houston County, testified he searched defendant's station wagon, under the authority of a search warrant. He listed some forty items recovered from the car as a result of the search. Two radios bore the serial numbers listed by Detective Dillard. There was no testimony as to the value of these radios. Proof of value was necessary to a conviction. Booker v. State, 151 Ala. 97, 44 So. 56; Lang v. State, 23 Ala.App. 576, 129 So. 312. The motion to exclude the state's evidence should have been granted.

Evidence as to the other articles taken from defendant's automobile, not shown to have been stolen, was prejudicial and should not have been introduced, Piano v. State, 161 Ala. 88, 49 So. 803, but its admission was not error in the absence of an objection.

For the error noted above, the judgment is reversed and the cause remanded.

Reversed and remanded.