LEIGH M. CLARK, Supernumerary Circuit Judge.
Appellant was convicted of assault with intent to murder Richard Stubbs and sentenced to imprisonment for twenty years.
The facts, as shown by the evidence, are almost identical with those narrated in Brown v. State, Ala.Cr.App., 339 So.2d 125, and Brown v. State, Ala.Cr.App., 338 So.2d 1050. In case No. 559, the appellant was the same as appellant in this case, Gregory Brown; in case No. 563, the appellant was Zane Brown, a younger brother of appellant in this case.
As in the other two cases, the evidence showed that the said Gregory Brown, Zane Brown and their brother Leroy Brown robbed Richard Stubbs, the attendant at a gasoline station, thereafter compelled him to get into the automobile driven by one of the robbers, took him into the country on the outskirts of Montgomery and there shot him in the head and left him as if dead. Stubbs survived and was able to testify and definitely identify the three Brown brothers as the felons.
The principal points raised on this appeal are (1) that the trial court erred in overruling defendant’s pre-trial motion to suppress evidence taken from the automobile used by the robbers and searched by the officers, and (2) that the in-court and lineup identifications by Stubbs of defendant and his brothers were tainted in the process of showing Stubbs photographs, and that the court was in error in allowing testimony by Stubbs as to his identification of defendant and his brothers. We adhere to what we held in the other two cases as to both points.
Appellant contends the trial court was in error in overruling defendant’s objection to a question seeking the repetition of facts already stated by the witness and relies upon Smith v. Dillard, 291 Ala. 96, 278 So.2d 358, holding that it was not error for the trial court to sustain an objection to such question. It is also true that the trial court is not to be put in error for overruling an objection to a question on the sole ground that it calls for repetitive testimony. Whether testimony of a witness is to be repeated is wisely left to the discretion of the trial court. Penry v, Dozier, 161 Ala. 292, 49 So. 909; Curtis v. State, 44 Ala.App. 335, 208 So.2d 245.
While counsel were interrogating Richard Stubbs, as a witness, out of the presence of the jury, as to his identification of photographs of appellant and his brothers, the trial court also asked some questions of the witness. Appellant urges that such action was error. It is clear to us that there was nothing in the trial court’s ques *1369 tions that would subject its action to any exception to the general rule that it is the trial court’s right, and sometimes its duty, to propound questions to witnesses. Jones v. State, 292 Ala. 126, 290 So.2d 165; Franks v. State, 45 Ala.App. 88, 224 So.2d 924.
In the light of our duty to search the record for any error prejudicial to appellant, we note the possibility of some question whether the prior conviction of appellant for robbery constitutes former jeopardy. It does not. The robbery for which defendant has been previously convicted was complete long before the victim was shot. The shooting was no part of the robbery. As inexplicable as the shooting was, without any testimony by defendant and the testimony of Stubbs pointing to its unprovoked cold-bloodedness, it forms no part of the other crime so as to place it within any group of cases in which it has been held that two or more related offenses constitute but a single crime. In applying Code 1940, T. 15, § 287, we held in Poe v. State, Ala.Cr.App., 338 So.2d 1029 that a convicted robber could not effectually claim double jeopardy in a case in which he was tried and convicted for assault with intent to murder a police officer who drove up to the scene of the robbery after the robbery had been committed. Through the Presiding Judge Cates, we said:
“Here the robbery, in legal contemplation, was complete by the time McLain drove up. Hence, Poe’s claim of double jeopardy was properly denied in the circuit court.”
We find no error in the record prejudicial to appellant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All Judges concur.