The appellant was indicted and convicted for buying, receiving, and concealing stolen property. Title 14, Section 338, Code of Alabama 1940. Sentence was fixed by the trial court at four years' imprisonment.
The facts incriminating the appellant reveal that on May 2, 1977, the residence of Mr. Horace J. Parmer of Barbour County was burglarized. Among the firearms taken was a Remington Woodmaster 30-06 rifle, Model 742, Serial Number 6916723. Mr. Parmer's name had been engraved into the stock of this rifle. Mr. Parmer testified that the value of the rifle was $295.00.
Jack Sanders lived across the road from Mr. Parmer. He testified that on May 2nd, the appellant drove up in his yard about 10:00 or 10:30 A.M. and sought directions to Lonnie Wilson's house.
John Smith, Jr. stated that the appellant came to his house at approximately 8:30 on the evening of May 2nd and the appellant sold him a Remington 30-06 rifle, Model 742, for $50.00. The appellant assured Mr. Smith that the rifle was not stolen and stated that his brother in New York had given it to him. The appellant signed a bill of sale which described the firearm as "a Remington Model 742 Woodmaster 30-06 Rifle. Serial No. 6916723". The rifle stock was "real scarred up and scratched and beat up".
Approximately one hour after the sale, the appellant returned to Mr. Smith's house and requested his rifle back. The appellant told Mr. Smith that the weapon had been pawned to him for $100.00 and the loan had been repaid so he had to return the rifle.
Mr. Smith's father, John E. Smith, Sr., prepared the bill of sale and saw the appellant sign it. Under the evidence it is clear that both Mr. Smith and his father suspected that the rifle was stolen at the time of purchase.
 I
The appellant maintains that there is insufficient evidence to support his conviction because he was convicted on the uncorroborated testimony of accomplices.
While it is true that the only incriminating evidence adduced against the appellant was the testimony of the Smiths, they were not accomplices. The purchase of the rifle by Mr. Smith was separate and distinct from the appellant's reception of the weapon which was chronologically anterior to Smith's purchase; thus a joint indictment is precluded and the Smiths are prevented from being accomplices for the purpose of the corroboration statute. This case is controlled by Patterson v.State, 45 Ala. App. 229, 228 So.2d 843 (1969). See also Mount v.State, 47 Ala. App. 158, 251 So.2d 776 (1971).
 II
Since the Smiths are not accomplices as a matter of law, the written charges requested by the appellant defining accomplice and dealing with the insufficiency of the evidence where the testimony of accomplices is uncorroborated were not within the issues and not supported by the evidence. They were therefore properly refused. Enzor v. State, 24 Ala. App. 346,135 So.2d 595, *Page 799 
cert. denied, 223 Ala. 297, 135 So. 598 (1931); see cases at 6A Alabama Digest, Criminal Law, 814 (17).
 III
The appellant attacks the constitutionality of Title 14, Section 338, Code of Alabama 1940, as a violation of Section 6,Constitution of Alabama 1901, on the ground that it makes the crime of buying, receiving, and concealing stolen property both a felony and a misdemeanor, depending on the value of the property.
A statute making an offense both a felony and a misdemeanor is unconstitutional, State v. Hall, 24 Ala. App. 336,134 So. 898 (1931). Title 14, Section 338, Code, provides that the punishment for receiving stolen property shall be the same as for larceny. Milam v. State, 240 Ala. 314, 198 So. 863 (1941). The offenses of larceny and receiving stolen property are, by statute, punished alike. Milam, supra. Under the Alabama statute for receiving stolen property, the offense is punishable as a felony or misdemeanor according to the value of the property. However the statute is not void and unconstitutional on the ground that the penalties provided are uncertain and undeterminable. A mere reading of the statute in question and the law of larceny specifically referred to in the statute disposes of this insistence of unconstitutionality. The crime and the punishment may be separated and distinguished by the legislature; one statute may create an offense, and another provide for its punishment. State v. Burchifield, 218 Ala. 8,117 So. 483 (1928).
Receiving stolen property may be either a felony or a misdemeanor; it is not both. Specific statutory guidelines clearly define and prescribe when the offense is a misdemeanor and when a felony. There is no doubt as to the punishment which may be imposed for a described offense. Booker v. State,151 Ala. 97, 44 So. 56 (1907); Middleton v. State, 27 Ala. App. 564,176 So. 613 (1937); Glover v. State, 23 Ala. App. 81, 121 So. 2
(1929); Padgett v. State, 44 Ala. App. 548, 216 So.2d 187
(1968). For an example of uncertainty in a similar statute which would render the act void and unconstitutional seeJohnston v. State, 100 Ala. 32, 14 So. 629 (1893).
We find that the statutory definition of the offense of buying, receiving, and concealing stolen property in Title 14, Section 338, Code of Alabama 1940, now Section 13-3-55, Code of Alabama 1975, is sufficiently definite and certain to inform the accused of the nature and cause of the accusation and is therefore constitutional.
We have reviewed the record in its entirety and found no error prejudicial to the rights of the accused. Therefore the judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.