LEIGH M. CLARK, Retired Circuit Judge.
This is one of a series of three separate cases of robbery. The robbery was as to the same property, the same victim and the same occasion. Its tripartite character arises from the existence of three persons as the robbers. The accused are three brothers. The two brothers of appellant are Zane Brown and Gregory Brown.
Zane Brown’s conviction was affirmed in Brown v. State, Ala.Cr.App., 338 So.2d 1050 (1976); the conviction of Gregory was affirmed in Brown v. State, Ala.Cr.App., 339 So.2d 125 (1976).[1]
*1281 As in the other two cases, the only actually disputed issue was as to the identity of the defendant. The evidence was undisputed that Richard Stubbs, the main witness for the State, was robbed about midnight on December 5, 1975, while employed at the Eastern Petroleum Station in Montgomery by three young men or boys who had driven up in a 1970 or 1971 LTD. One of them gave him a twenty dollar bill to cover a two dollar purchase and Stubbs went into the station to get change. While in the station, one of the three pulled a gun on Stubbs and robbed him of the money in the station consisting of about two hundred dollars. They demanded that Stubbs get in the automobile with them, and they carried him to an old country road in the vicinity of Hope Hull where he was told to get out of the car. He did not knew what happened immediately afterwards, but was found the next morning lying in a ditch on the side of the road with blood coming out of the back of his head and a bullet hole between his eyes. Further facts are summarized in Brown v. State, 338 So.2d 1050.
There is some difference in language, but little difference in substance, between the contentions for a reversal in instant case and those made by appellant in Zane Brown’s case (338 So.2d 1050). We adhere to our conclusions there made in response to appellant’s contentions substantially repeated here.
Contrary to appellant’s contention that officers had no probable cause for arresting defendant, the evidence shows that the officers, including particularly Detective Sidney T. Williams, had investigated the robbery from December 6, 1975, to December 14, 1975, and had discussed the matter with the victim, who gave them a description of the persons who robbed him and the automobile in which they were riding. He had also identified pictures of them. Furthermore, Detective Williams had received information from an outsider, who had previously given him reliable information, as to the suspects and the automobile in which they were riding and the place where they lived. On December 14, 1975, Detective Williams, accompanied by at least two other police officers, went to the home of appellant, his two brothers, and his father and mother, knocked at the door, and Zane Brown answered the knock. Detective Williams asked if the other two brothers were there, and he was told that they were not. It was soon learned that they were there. The three brothers were there placed under arrest, and soon thereafter, on the same day, the automobile was towed to the police station, and a search warrant was issued for a search of the automobile. The search revealed hairs which, according to the testimony of a crim-inalist of the State Department of Toxicology, were indistinguishable, upon microscopic examination, from specimens of the hair of Stubbs. The witness acknowledged the possibility that the hairs found were not hairs of Stubbs.
There was more than probable cause for the arrest of appellant, and the search of his automobile was pursuant to a valid search warrant.
Appellant also contends, as appellant contended in Brown v. State, 338 So.2d 1050, that the victim’s in-court identification of defendant was tainted in the process of a prior identification of photographs of defendant and his brothers. He also insists that the line-up identification, or identifications, of defendant were not fair to defendant. The point was made in the case just cited, and is made here, that there is some difference between the texture or thickness of the paper or cardboard backing of the photographs of defendant and his brothers and photographs of others shown to the victim. We continue to believe that there was nothing so significant about such difference as to reflect seriously upon the use and exhibition of the pictures to the victim. A point not made previously is that, according to Richard Stubbs, appellant was wearing sunglasses at the time of the robbery and while riding in the automobile with the victim, but that he was not wearing sunglasses at the time the photographs were taken of him. Any contention that this in any way tainted the photographs or the *1282 identification process seems to fall of its own weight, in that the absence of sunglasses in the photographs and lineup is antithetic to intentional suggestiveness.
The contention of appellant, that Stubbs could not have been as able to identify appellant with sunglasses on as he would if appellant had been without them, has some merit, of course, but it goes merely to the weight of the evidence on the question of identity, which unquestionably was a matter for the jury, and the jury alone, to decide.
In addition to finding that there was nothing impermissibly suggestive about the photographs or the lineup procedure, we are of the opinion that the evidence shows that the victim’s in-court identification of appellant was in no way dependent upon the photographs and line-up procedures. He positively identified appellant as the robber who actually pointed a gun at him in a well lighted gasoline station, demanded that he hand over the money, ordered that he get in the LTD, and rode next to him in the back seat of the automobile until he was ordered out of the automobile near Hope Hull. The circumstances as a whole fully meet the requirements of an in-court identification of independent origin. Daniels v. State, Ala.Cr.App., 335 So.2d 251 (1976).
Appellant testified that he knew nothing about the robbery, that he was in another place at the time thereof. Other witnesses tended to support his claim of an alibi, but their testimony was far from conclusive, and there seems to be no contention to the contrary.
Our review of the record convinces us that there was no error prejudicial to defendant and that the judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All the Judges concur.

. See also Brown v. State, Ala.Cr.App., 342 So.2d 1367 (1977) aff’g conviction of Gregory Brown for assault with intent to murder.