HUBERT TAYLOR, Judge.
Appellant was indicted by the February 1982, session of the Mobile Grand Jury of receiving stolen property in the second de *663 gree, namely, one shotgun, in violation of § 13A-8-18, Code of Alabama 1975. He was convicted by a jury on July 1, 1982, on receiving stolen property in the third degree (§ 13A-8-19). Appellant was sentenced to twélve months in the county jail. This appeal follows.
Appellant argues that the lower court committed reversible error in denying his motion to exclude based on the State’s failure to prove venue.
In the case sub judice, it is undisputed that the appellant received the shotgun in Prichard, which is located in Mobile County. This fact is sufficient proof on the issue of venue. Ex parte Watts, 435 So.2d 135 (Ala.1983). Appellant’s venue question is without merit.
Appellant next argues that the State’s evidence should have been excluded because of the failure to prove that the shotgun exceeded $100 in value.
Sections 13A-8-16 through 13A-8-19, Code of Alabama 1975, provide for three degrees of receiving stolen property. These three degrees, ranging from the least to the most severe, are classed either as a misdemeanor, a Class C felony, or a Class B felony, depending on the value of the property in question. It seems clear that the legislature intended to make value an essential element of each individual offense unless specifically stated otherwise, as is the case of pawn brokers.
The State’s position that value is not an element of the offense is without merit. In any event, the cases relied on by the State pertain to the offense of larceny.
In the case of Booker v. State, 151 Ala. 97, 44 So. 56 (1907), which dealt specifically with buying and receiving stolen property, the Supreme Court said, “There was no proof of value of the property.... Proof of value was ... necessary to a conviction in order to determine the punishment....” This court adopted the Supreme Court’s holding in Middleton v. State, 27 Ala.App. 564, 176 So. 613, 614 (1937), when, citing Booker, supra, it said, “Proof of value is necessary in a case of this kind.... ” In Sanders v. State, 56 Ala.App. 120, 319 So.2d 739, 740 (1975), this court said, “It is elemental in larceny [and in receiving] that the State prove (a) that the stolen property has value and (b) the value in monetary terms.” See also Deep v. State, 414 So.2d 141 (Ala.Cr.App.1982), and Lankford v. State, 396 So.2d 1099 (Ala.Cr.App.1981).
In the case sub judice, the owner of the shotgun testified that it was worth $100; there was no evidence that the value exceeded that amount. The trial judge instructed the jury on receiving stolen property both in the second and third degree. The jury found appellant guilty of the offense in the third degree.
A defendant under an indictment for receiving stolen property in the second degree may be convicted of receiving in the third degree if the value of the property stolen is not enough to make it subject to the higher degree. The appellant was not entitled to a favorable ruling on his motion to exclude the evidence since the evidence justified a finding of guilt in the lesser degree. Johnson v. State, 374 So.2d 417 (Ala.Crim.App.1979).
The judgment of the trial court is hereby affirmed.
AFFIRMED.
All the Judges concur.