651 So.2d 73 (1994)
J.W.B.
v.
STATE.
CR 93-1083.
Court of Criminal Appeals of Alabama.
September 30, 1994.
*74 Joe Morgan, Jr., Birmingham, for appellant.
James H. Evans, Atty. Gen. and Stephen Dodd, Asst. Atty. Gen., for appellee.
BOWEN, Presiding Judge.
This is an appeal from an adjudication of delinquency by the Juvenile Court of Jefferson County. The 15-year-old appellant, J.W.B., was found to be delinquent in connection with a criminal charge of receiving a stolen automobile and was ordered committed to the custody of the Department of Youth Services. On this direct appeal, the appellant contends that the evidence does not support his adjudication of delinquency.
The testimony presented by the State was as follows. An eyewitness identified the appellant as one of the two or more[1] "boys" she observed getting out of a blue Oldsmobile Cutlass automobile that had just struck a pothole in the street and then crashed into a telephone pole. The young males fled, but were soon apprehended and returned to the scene. The eyewitness testified that when she went to the scene of the accident to talk to the police, the appellant said to her, "[B]itch, you didn't see me driving that car." R. 9. It was stipulated that the automobile had been stolen and there was evidence presented that it had been recently stolen. R. 17. The prosecution presented no evidence of how the two youths were apprehended or how or when they were returned to the scene of the wreck. This was all the evidence presented by the State in its case-in-chief.
In denying the appellant's motion to dismiss and to exclude the State's evidence, the juvenile judge stated:
"That's about the only thing [that they were seen running immediately after the wreck]. They wrecked it and ran rather than wrecked it and stayed [as] if it were their own car. Joe [defense counsel], I think that's enough to carry their burden." R. 30.
"A person commits the crime of receiving stolen property if he intentionally receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen, unless the property is received, retained or disposed of with intent to restore it to the owner." Ala.Code 1975, § 13A-8-16(a). "If a person ... [p]ossesses goods or property *75 which have been recently stolen ... this shall be prima facie evidence that he has the requisite knowledge or belief." § 13A-8-16(b).
In order to adjudicate a child delinquent, the juvenile court must find "on proof beyond a reasonable doubt, based on competent, material, and relevant evidence, that a child committed the acts by reason of which the child is alleged to be delinquent." Ala. Code 1975, § 12-15-65(e). The State presented evidence that would support the reasonable inference that the appellant was riding in a recently stolen automobile and that he fled from that automobile after it was wrecked. There was no evidence presented during the State's case-in-chief as to who was driving the car other than the statement attributed to the appellant, "[B]itch, you didn't see me driving that car."
The evidence presented by the State is insufficient to support the adjudication of delinquency because the prosecution failed to prove that the appellant had any "control" over the stolen automobile.
A defendant charged with the possession of stolen property "must be shown to have had control over the property." Milam v. State, 240 Ala. 314, 317, 198 So. 863, 865 (1941). The term "[r]eceiving ... includes, but is not limited to, acquiring possession, control or title and taking a security interest in the property." § 13A-8-1(11).
"The concept of `possession,' for purposes of the receiving stolen property statute, implies control. `It is undoubtedly true that, in order to sustain a conviction for receiving stolen property, the defendant must be shown to have had a control over the property.' Booker v. State, 151 Ala. 97, 99, 44 So. 56, 56 (1907). See also Milam v. State, 240 Ala. 314, 317, 198 So. 863, 865 (1940) (`[t]he defendant must be shown to have had control over the property...'); Martin v. State, 461 So.2d 1340, 1342 (Ala.Cr.App.), cert. denied, 461 So.2d 1343 (Ala.1984). However, `[a]ctual physical control is not necessary to establish possession. Possession is to be determined by examining all of the surrounding circumstances.' Cheatham v. State, 431 So.2d 1350, 1354 (Ala.Cr.App.1983)."
Berry v. State, 597 So.2d 730, 733 (Ala.Cr. App.1992) (defendant's driving recently stolen vehicle imported control and thereby possession of guns stolen at the same time and in the trunk of the vehicle). In this case, the appellant was not the sole occupant of the vehicle and there was no evidence that the appellant exercised any degree of power or dominion over the automobile.[2] Compare Isbell v. State, 57 Ala.App. 444, 329 So.2d 133, cert. denied, 295 Ala. 407, 329 So.2d 140 (1976). In Isbell, the accused was a passenger in a car that belonged to a third party and that contained recently stolen guns. This Court held that the accused's mere presence in the vehicle was insufficient to support his conviction for receiving stolen property. "In the absence of a showing that he knew the guns to be in the car, knew them to be stolen and exercised some control over them, his presence in the car, standing alone, would not be sufficient for a conviction." 57 Ala.App. at 452, 329 So.2d at 140.
"The general standard by which we review the evidence is as follows:
"`The action of the trial court in denying a motion for acquittal, in denying a motion to exclude the evidence, ... and in denying a motion for a new trial, must be reviewed by determining whether there existed legal evidence before the jury, at the time the motions were made, from which the jury by fair inference could have found the defendant guilty [beyond a reasonable doubt]. Thomas v. State, 363 So.2d 1020 (Ala.Crim.App. 1978).'
"Robinette v. State, [531 So.2d 682, 687 (Ala.Cr.App.1987)]."
Ex parte Bailey, 590 So.2d 354, 357 (Ala. 1991) (emphasis added).
*76 By this opinion we do not imply that a passenger in a stolen vehicle may never be convicted of receiving stolen property. We merely hold that, in this particular case, the State failed to present any evidence indicating that the appellant had any control over the vehicle. "Because the State has failed to prove an essential element of the charged offense, the appellant's adjudication of delinquency on the charge of receiving stolen property must be reversed and a verdict rendered in his favor. Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). See also L.M.A.W. v. State, 611 So.2d [497, 498 (Ala.Cr.App.1992)]." B.E.S. v. State, 629 So.2d 761, 766 (Ala.Cr.App. 1993).
REVERSED AND RENDERED.
All Judges concur.
NOTES
[1] There was testimony presented during the state's case-in-chief that this eyewitness had told a police officer "that she had seen several young black males jump out of the car after it wrecked." R. 20-21. When recalled as a witness by the defense, the eyewitness testified that she saw "about five" people get out of the car. She also testified that the appellant exited the car from the front seat on the driver's side. R. 33. However, that testimony was elicited only during the appellant's presentation of his defenseafter the state had presented its case and the appellant had made his motion to dismiss.
[2] This Court has held that evidence that a defendant was seen driving a recently stolen vehicle was sufficient to support a conviction for receiving stolen property. Knight v. State, 623 So.2d 376, 378 (Ala.Cr.App.1993); Player v. State, 568 So.2d 370, 373-74 (Ala.Cr.App.1990). See also Sankey v. State, 568 So.2d 366, 368-69 (Ala.Cr. App.1990) (where defendant, sole occupant of car, was discovered unconscious in front seat, evidence supported conviction for receiving stolen property).