McMILLAN, Presiding Judge.
The appellant, R.L.M., appeals from the trial court’s order adjudicating him delinquent for the offense of receiving stolen property in the third degree, a violation of § 13A-8-19, Ala.Code 1975.
The appellant argues that the trial court erred in denying his motion for a judgment of acquittal because, he says, the State failed to prove a prima facie case of receiving stolen property in the third degree. Specifically, he argues that the State failed to prove that the property he was accused of receiving had any monetary value.
The record indicates that the appellant was initially charged with receiving stolen property in the second degree. At the time of the offense, January 17, 2003, the offense of receiving stolen property in the second degree was -committed if the value of the stolen property was between $100 and $1,000. § 13A-8-18, Ala.Code 1975. The offense of receiving stolen property in the third degree was committed if the value of the stolen property did not exceed $100. § 13A-8-19, Ala.Code 1975.[1]
The evidence presented by the State tended to show the following: The victim of a burglary, David Sparrow, testified that he arrived home on the evening of January 17, 2003, to find that his front door had been kicked in and that several items were missing from his home, including a compact-disc player/radio suitable for installation in an automobile. He testified that he was an employee at Wizard Car Audio and, while he was at work on the day after the burglary, the appellant came into the store with a compact-disc player, and asked Sparrow to test it to see whether it worked. Sparrow identified the compact-disc player as the one stolen from his residence. He testified that he recognized it because it had been detailed to fit a car he had previously owned. He testified that he informed the appellant that the compact-disc player had been stolen from his residence the night before. The appellant informed him that he had bought the compact-disc player from a stranger the night before. Sparrow made an in-court identification of the compact-disc player. The State then elicited evidence concerning the value of the compact-disc player, to which Sparrow responded that he had paid $200 for it in 1998. The State further questioned Sparrow regarding whether the compact-disc player worked, and the witness responded, “It would come on, but there was an error code with the [compact-disc] so, no, it didn’t really do much of anything.”
During cross-examination, defense counsel asked Sparrow the value of the compact-disc player in its current state, and he replied, “[v]alue wise nothing, but sentimental value and knowing that it was taken from my house, a lot.” He further testified that the player had no monetary value. Additionally, he testified that if the player had worked, it would have a value of “maybe seventy-five to one hundred dollars.” After defense counsel finished its cross-examination, the trial court posed the following question to the witness, “Is *391 the [compact-disc] player as it sits right there worth anything?” The witness replied, “No, sir.”
After the State rested, the appellant moved for a judgment of acquittal based on the fact that the State failed to prove that he had received stolen property in excess of $100 as is required to support a conviction for receiving stolen property in the second degree. Defense counsel further stated that the State failed to prove that the appellant was in receipt of anything of any value, based on their own witness’s testimony. The trial court instructed the parties to brief the issue because it was not aware of any cases where a defendant was convicted of receiving stolen property when the object taken had no monetary value. Subsequently, the trial court adjudicated the appellant delinquent of the lesser offense of receiving stolen property in the third degree.
“In prosecutions for obtaining or exerting unauthorized control of allegedly stolen property or buying, receiving or concealing same, there must be proof of the value of the allegedly stolen items. Booker v. State, 151 Ala. 97, 44 So. 56 (1907); Lang v. State, 23 Ala.App. 576, 129 So. 312 (1930); Padgett v. State, 44 Ala.App. 548, 216 So.2d 187 (1968); Nelson v. State, 56 Ala.App. 209, 320 So.2d 714 (1975). As noted by this court in DeBruce v. State, 461 So.2d 889 (Ala.Crim.App.1984), speaking through Presiding Judge Bowen, we find the following:
“ ‘The only predicate necessary for the receipt of opinion testimony of value is that the witness has had an opportunity to form a correct opinion of the value of the stolen property. State v. Johnson, 268 Ala. 11, 13, 104 So.2d 915 (1958); Tice v. State, 386 So.2d 1180, 1186 (Ala.Cr.App.), cert. denied, Ex parte Tice, 386 So.2d 1187 (Ala.1980); Alabama Code 1975, § 12-21-114. For purposes of offenses involving theft, “value” is defined as “[t]he market value of the property at the time and place of the criminal act.” Alabama Code 1975, § 13A-8-l(14).’ ”
Levert v. State, 512 So.2d 790, 796 (Ala.Crim.App.1987) (opinion on return to remand).
Additionally, in Speight v. State, 437 So.2d 662, 663 (Ala.Crim.App.1983), this Court held:
“Sections 13A-8-16 through 13A-8-19, Code of Alabama 1975, provide for three degrees of receiving stolen property. These three degrees, ranging from the least to the most severe, are classed either as a misdemeanor, a Class C felony, or a Class B felony, depending on the value of the property in question. It seems clear that the legislature intended to make value an essential element of each individual offense unless specifically stated otherwise, as is the case of pawn brokers.”
See also Speed v. State, 432 So.2d 554, 555 (Ala.Crim.App.1983)(“A conviction for receiving stolen property cannot stand without proof of the value of the property concerned.”); Sanders v. State, 56 Ala. App. 120, 121, 319 So.2d 739, 740 (1975) (“It is elemental in larceny [and in receiving] that the State prove (a) that the stolen property has value and (b) the value in monetary terms.”).
“Verdicts in criminal cases cannot rest on ‘surmise, speculation, and guesswork.’ ” Cook v. State, 469 So.2d 1350, 1351 (Ala.Crim.App.1985), quoting Nolin v. State, 37 Ala.App. 47, 48, 64 So.2d 102, 103 (1953). Moreover, “no rule is more fundamental or better settled than that convictions cannot be predicated upon surmise, speculation, and suspicion to establish the accused’s criminal agency in the offense *392 charged.” Benefield v. State, 286 Ala. 722, 724, 246 So.2d 483, 485 (1971).
Because the State failed to prove value, an essential element of this offense, the trial court erred in denying the appellant’s motion for a judgment of acquittal. Therefore, this cause must be reversed and the judgment rendered for the appellant.
REVERSED AND JUDGMENT RENDERED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.

. The Legislature amended these Code sections, effective September 1, 2003, to reflect a value in excess of $500, but less than $1,000, for receiving stolen property in the second degree. Receiving stolen property less than $500 in value now constitutes receiving stolen property in the third degree.